CV 07          2994

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------X

NICOLE PAULTRE BELL, as Administratrix of the Estate of
SEAN ELIJAH BELL, and on behalf of his infant children,
JADA BELL and JORDYN BELL and NICOLE PAULTRE
BELL individually, JOSEPH GUZMAN and TRENT
BENEFIELD,

          Plaintiffs,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. PAUL HEADLEY, P.O.
MICHAEL CARY, P.O. MARC COOPER, P.O. GESCARD
ISNORA and P.O. MICHAEL OLIVER,

          Defendants.

----------------------------------------X

Civil Action No.:

**JURY TRIAL**
**DEMANDED**
**COMPLAINT**

JOHNSON, J

FILED
U.S. DISTRICT COURT E.D.N.Y.
JUL 24 2007
BROOKLYN OFFICE

MANN, M.J.

      Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS. and MICHAEL A.

HARDY, ESQ., complaining of the defendants herein, upon information and belief, respectfully

show to this Court, and allege as follows:

## JURISDICTION

      That at all times hereinafter mentioned, plaintiffs bring this suit for a violation of

their civil rights under 42 U.S.C.A. sections 1981, 1983, 1985, 1986 and 1988 and within the United

States Constitution and the laws of the State of New York and this court has jurisdiction of this

action pursuant to 28 U.S.C.A. 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction

of this Court to adjudicate pendant state law claims pursuant to 28 USC section 1367.

      The amount of damages in controversy is in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

      The venue is laid within the United States District Court for the Eastern District of

New York in that the incident arose in the Eastern District of New York.

      Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

## THE PARTIES

1.    The Decedent, SEAN ELIJAH BELL, resided at 191 Beach 27th Street, County of

Queens, City and State of New York.

2.      NICOLE PAULTRE BELL, was engaged to be married to the Decedent, SEAN
ELIJAH BELL. NICOLE PAULTRE BELL, was appointed Administratrix of the goods, chattels,
credits of Decedent, SEAN ELIJAH BELL, by order of the Honorable Robert L. Nahman, Surrogate
of Queens County by the order of the court on January 5, 2007.

3.      JADA BELL and JORDYN BELL, are the children of the plaintiff, decedent, SEAN
ELIJAH BELL.

4.      That in bringing this action against the above-named defendants, plaintiff,
NICOLE PAULTRE BELL, continues to act in her representative capacity on behalf of the Estate
of SEAN ELIJAH BELL, and as the parent and natural guardian of her infant children, JADA BELL
and JORDYN BELL as well.

5       JOSEPH GUZMAN, resides at 141 Beach 56th Place, County of Queens, City and
State of New York.

6.      TRENT BENEFIELD, resides at 125 -30 Sutphin Boulevard, County of Queens, City
and State of New York.

7.      That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned
was a municipal corporation duly organized and existing by virtue of the laws of the State of New
York.

8.      That the defendant THE CITY OF NEW YORK maintains a police force known as
the NEW YORK CITY POLICE DEPARTMENT.

9.      In addition to the facts alleged in the following sub paragraphs, the following
defendants are all sued in their individual and official capacities and all acted within the scope of
their employment and under color of state law, to wit, under color of statues, ordinances, regulations,
policies, customs and usages of the State of New York and/or City of New York.

A-      Defendant, MICHAEL OLIVER, at all relevant times was a police officer employed
by the defendant, THE CITY OF NEW YORK.

B-      Defendant, GESCARD ISNORA, at all relevant times was a police officer employed

by the defendant, THE CITY OF NEW YORK.

      C-     Defendant, MARC COOPER, at all relevant times was a police officer employed by the defendant, THE CITY OF NEW YORK.

      D-     Defendant, MICHAEL CARY, at all relevant times was a police officer employed by the defendant, THE CITY OF NEW YORK.

      E-     Defendant, PAUL HEADLEY, at all relevant times was a police officer employed by the defendant, THE CITY OF NEW YORK.

## NOTICE OF CLAIM

10.     Plaintiffs in furtherance of their State causes of action filed timely Notice of Claim against THE CITY OF NEW YORK, in compliance with General Municipal Law Section 50. The Notices of Claim were filed on February 23, 2007 and were filed individually on behalf of each plaintiff.

11.     More than thirty (30) days has elapsed since service of the said Notice of Claim have been filed and THE CITY OF NEW YORK, has failed to pay or adjust the claim.

12.     By stipulation, THE CITY OF NEW YORK, has agreed to dispose with the need to hold a 50-H hearing examinations of the plaintiffs in advance of commencing this lawsuit.

## FACTUAL ALLEGATIONS

13.     This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which these claims arise.

14.     That the defendant, THE CITY OF NEW YORK, its agents, servants and/or employees operated, maintained, and controlled a police force known as the NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed thereby.

15.     That at all times hereinafter mentioned, defendants, P.O. PAUL HEADLEY, P.O. MICHAEL CARY, P.O. MARC COOPER, P.O. GESCARD ISNORA and P.O. MICHAEL OLIVER were employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

16.     That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, the plaintiff, decedent, SEAN ELIJAH BELL, was lawfully present at an establishment

known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

17.     That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, the plaintiff, JOSEPH GUZMAN, was lawfully present at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

18.     That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, the plaintiff, TRENT BENEFIELD, was lawfully present at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

19.     That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, decedent, SEAN ELIJAH BELL, plaintiff, JOSEPH GUZMAN and plaintiff, TRENT BENEFIELD, were lawfully present at or near the corner of Liverpool Street and 94th Avenue, County of Queens, City and State of New York.

20.     At the aforementioned time and place the plaintiff, decedent, SEAN ELIJAH BELL, proceeded to operate a motor vehicle with the plaintiff, JOSEPH GUZMAN and plaintiff, TRENT BENEFIELD, present as occupants in that vehicle.

21.     At the aforementioned time and place as the plaintiff, decedent, SEAN ELIJAH BELL, lawfully operated the aforementioned motor vehicle with plaintiffs, JOSEPH GUZMAN and TRENT BENEFIELD, within the aforesaid motor vehicle. The defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and began shooting at the plaintiff, decedent, SEAN ELIJAH BELL, plaintiff, JOSEPH GUZMAN and plaintiff, TRENT BENEFIELD, multiple times without reason or provocation.

22.     That the shooting of the plaintiff, decedent, SEAN ELIJAH BELL, plaintiff, JOSEPH GUZMAN and plaintiff, TRENT BENEFIELD, was without probable cause.

23.     The aforementioned shooting was performed knowingly, intentionally and willfully.

24.     The aforementioned shooting was performed negligently and recklessly.

25.     The aforementioned shooting was performed without reason or provocation.

26.     The aforementioned shooting resulted in the death of the plaintiff, decedent, SEAN ELIJAH BELL.

27.     The aforementioned shooting caused serious personal injuries to the plaintiff, JOSEPH GUZMAN.

28.     The aforementioned shooting caused serious personal injuries to the plaintiff, TRENT BENEFIELD.

29.     After the aforementioned shooting plaintiff, JOSEPH GUZMAN, was placed under arrest.

30.     After the aforementioned shooting plaintiff, TRENT BENEFIELD, was placed under arrest.

31.     At no time during the events described above or as the events occurred did the defendant officers have probable cause for the discharge of their firearms.

32.     At no time during the events described above or as the events occurred did the defendant officers have probable cause for the arrest of the plaintiff, JOSEPH GUZMAN, and there was no legal cause or excuse for his seizure.

33.     At no time during the events described above or as the events occurred did the defendant officers have probable cause for the arrest of the plaintiff, TRENT BENEFIELD, and there was no legal cause or excuse for his seizure.

34.     The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

35.     By reason of said shooting plaintiff, decedent, SEAN ELIJAH BELL, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

36.     By reason of said shooting the plaintiff, JOSEPH GUZMAN, was caused to suffer severe physical injuries, including pain and suffering; emotional and psychological distress and

horror.

37.     By reason of said shooting the plaintiff, TRENT BENEFIELD, was caused to suffer severe physical injuries, including pain and suffering; emotional and psychological distress and horror.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL FOR WRONGFUL DEATH

38.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "37" inclusive with the same force and effect as if more fully set forth at length herein.

39.     That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, decedent, SEAN ELIJAH BELL, was lawfully in a motor vehicle when he was caused to be shot multiple times resulting in his death, by defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY.

40.     That the shooting of the plaintiff, decedent, SEAN ELIJAH BELL, was without probable cause.

41.     The aforementioned shooting was performed knowingly, intentionally and willfully.

42.     The aforementioned shooting was performed negligently and recklessly.

The aforementioned shooting was performed without reason or provocation.

43.     The aforementioned shooting resulted in the death of the plaintiff, decedent, SEAN ELIJAH BELL.

44.     That at all times hereinafter mentioned, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, engaged in the actions and conduct alleged herein in their official capacity as New York City Police Officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

45.     That such actions served to deprive the plaintiff, decedent, SEAN ELIJAH BELL, of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Sec. 1983 of 42 U.S.C. In particular, he was deprived of his right to due process

of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right - his right to life.

46.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its' police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly - failed to tear down the "Blue Wall of Silence" so as to force the disclosure of these constitutional abuses and to take corrective measures.

47.     Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate cause of the violations of decedent SEAN ELIJAH BELL'S rights on the morning of November 25, 2006.

48.     By reason of the foregoing,  the plaintiffs, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL, individually demands judgment for wrongful death against the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF NICOLE
PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE
OF SEAN ELIJAH BELL, deceased--NEGLIGENCE**

49.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "48"  inclusive with the same force and effect as if more fully set forth at length herein.

50.     That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants, THE CITY OF NEW YORK and THE

NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, both directly and vicariously.

51.    Such negligence consisted of negligence in training, hiring, supervision and retention of the police officers/detectives involved in this incident; in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of deadly lethal force causing the serious injuries both physical and emotional resulting in death, discrimination arising and resulting out of a shooting of the plaintiff and further, deprived plaintiff's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; failing to properly investigate their background; in failing to train and instruct police officers/detectives, especially regarding the abuse of power while in the field; in failing to give police officers/detectives proper instructions on the use of force, use of firearms including proper discharge of said weapons; in failing to give police officers/detectives proper training regarding the phenomenon known as "contagious shooting" in their training and instruction, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives in the field, including the police officers/detectives as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State of New York which allowed the shooting of the plaintiff, decedent, SEAN ELIJAH BELL, which resulted in the death of the plaintiff, SEAN ELIJAH BELL.

52.    The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were negligent, reckless and careless in shooting the plaintiff, decedent, SEAN ELIJAH BELL.

53.     The defendant, THE CITY OF NEW YORK, was further negligent in failing to properly investigate the aforesaid shooting, said negligence includes but not limited to the failure to administer a breathalyzer exam to those police officers involved in this shooting, and failing to do away and in failing to timely question those police officers involved.

54.     As the result of said negligence, the plaintiff, decedent, SEAN ELIJAH BELL, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

55.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL individually,  demands judgment for negligence against the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL, deceased-NEGLIGENT HIRING AND RETENTION

56.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "55"  inclusive with the same force and effect as if more fully set forth at length herein.

57.     The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, so as to cause the death of SEAN ELIJAH BELL.

58.     That the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper

conduct of the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, and continued to employ them and allowed them to be in contact with the public at large.

59.    By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL, deceased, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL, individually, demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL FOR CIVIL RIGHTS VIOLATION-42USC A 1983

60.    The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "59" inclusive with the same force and effect as if more fully set forth at length herein.

61.    The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, acting under the color of law and within the scope of their authority, assaulted and battered the plaintiff, decedent, SEAN ELIJAH BELL, in violation of 42 U.S.C.A. section 1983 as well as other applicable state and federal laws.

62.    The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, acting under color of law and within the scope of their authority, deprived the plaintiff, decedent, SEAN ELIJAH BELL, of liberty without due process and without reasonable cause in violation of

42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

63.     The defendants had deprived the plaintiff, decedent, SEAN ELIJAH BELL by their actions of his civil rights as guaranteed by statute.

64.     That the shooting was in violation of the civil rights of the plaintiff, decedent, SEAN ELIJAH BELL, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws, including the first (1st) the fourth (4th) and fourteenth (14th) Amendment to the United States Constitution.

65.     That the deprivation by the defendants of plaintiff's civil rights was a result of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, acting under color of law and within their authority as law enforcement officers within the employ of the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

66.     The defendants; P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, conspired with one another to deprive the plaintiff, decedent, SEAN ELIJAH BELL, of his constitutional rights, including the rights: to be free from the intentional use of unreasonable force; to be free from unreasonable search and seizure, unreasonable and excessive force.

67.     The defendants further violated the civil rights of the plaintiff, decedent, SEAN ELIJAH BELL, by conspiring to cover up the shooting of the plaintiff, decedent, SEAN ELIJAH BELL. Defendants engaged in a fabrication as to the acts and events leading up to and resulting in the shooting of the plaintiff, decedent, SEAN ELIJAH BELL.

68.     That the defendants' actions were not privileged or immune.

69.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were not acting with immunity when they deprived the plaintiff, decedent, SEAN ELIJAH BELL,

of his civil rights.

70.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL, deceased, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL, individually, demands judgment for civil rights violation against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF SEAN ELIJAH BELL FOR ASSAULT AND BATTERY

71.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "70" inclusive with the same force and effect as if more fully set forth at length herein.

72.     That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto decedent, SEAN ELIJAH BELL, was lawfully at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York

73.     That on November 25, 2006 at approximately 4:00 A.M. and at all times hereinafter mentioned and upon information and belief, plaintiff, decedent, SEAN ELIJAH BELL, was shot without reason or provocation, resulting in death by the defendants, including but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

74.     The aforementioned shooting was performed knowingly, intentionally and wilfully.

75.     That the police officers involved in this incident who committed the aforementioned shooting on the plaintiff, decedent, SEAN ELIJAH BELL, were acting within their scope of employment with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

76.     That the shooting of the plaintiff, decedent, SEAN ELIJAH BELL, was without

probable cause.

77.     By reason of said assault and battery, the plaintiff, decedent, SEAN ELIJAH BELL, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

78.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL, deceased, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL, individually, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL FOR PUNITIVE DAMAGES

79.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "78" inclusive with the same force and effect as if more fully set forth at length herein.

80.     The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

81.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts of defendants, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, its agents, servants and/or employees, herein above alleged.

82.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, AS ADMINISTRATRIX OF THE ESTATE OF SEAN ELIJAH BELL, deceased, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL, individually, demands judgment for punitive damages against the defendants, THE CITY OF NEW YORK and

THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF JORDYN BELL INFANT CHILD OF FATHER AND NATURAL GUARDIAN DECEDENT SEAN ELIJAH BELL FOR LOSS OF SERVICES

83.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "82" inclusive with the same force and effect as if more fully set forth at length herein.

84.     At all times hereinafter mentioned, the plaintiff, JORDYN BELL, was the daughter of decedent, SEAN ELIJAH BELL, and resided with him and was entitled to his services, society, comfort and affection.

85.     As a result of the defendant's negligence, defendants' assault and battery, defendants negligent hiring and retention, and defendants' violation of the decedent's constitutional rights resulting in the death SEAN ELIJAH BELL, JORDYN BELL, has been deprived of the services, society and support of her Father, SEAN ELIJAH BELL, forever!

86.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, as Mother and Natural Guardian of JORDYN BELL, demands judgment on behalf of JORDYN BELL, against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, for loss of services, society, comfort, affection of her Father, SEAN ELIJAH BELL, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A EIGHTH CAUSE OF ACTION FOR ON BEHALF OF JADA BELL INFANT CHILD OF FATHER AND NATURAL GUARDIAN DECEDENT SEAN ELIJAH BELL FOR LOSS OF SERVICES

87.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "86" inclusive with the same force and effect as if more fully set forth at length herein.

88.     At all times hereinafter mentioned, the plaintiff, JADA BELL, was the daughter of decedent, SEAN ELIJAH BELL, and resided with him and was entitled to his services, society, comfort and affection.

89.     As a result of the defendant's negligence, defendants' assault and battery, defendants negligent hiring and retention, and defendants' violation of the decedent's constitutional rights resulting in the death SEAN ELIJAH BELL, JADA BELL, has been deprived of the services, society and support of her Father, SEAN ELIJAH BELL, forever!

90.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, as Mother and Natural Guardian of JADA BELL, demands judgment on behalf of JADA BELL, against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, for loss of services, society, comfort, affection of her Father, SEAN ELIJAH BELL, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF JORDYN BELL INFANT CHILD OF FATHER AND NATURAL GUARDIAN DECEDENT SEAN ELIJAH BELL FOR LOSS OF GUIDANCE**

91.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "90" inclusive with the same force and effect as if more fully set forth at length herein.

92.     At all times hereinafter mentioned, the plaintiff, JORDYN BELL, was the infant child of the plaintiff, decedent, SEAN ELIJAH BELL, who provided support, maintenance parental nurture and care, and the physical, moral and intellectual training and guidance prior to this occurrence.

93.     As a result of the defendants' negligence, and violation of the decedent's constitutional rights, JORDYN BELL, has been deprived of the support, maintenance, parental nurture and care, the physical, moral and intellectual training and guidance of her father forever.

94.     By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, as Mother and

Natural Guardian of JORDYN BELL, demands judgment for loss of guidance, support, maintenance parental nurture and care, and the physical, moral and intellectual training on behalf of JORDYN BELL, against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, for loss of services, society, comfort, affection of her Father, SEAN ELIJAH BELL, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF JADA BELL INFANT CHILD OF FATHER AND NATURAL GUARDIAN DECEDENT SEAN ELIJAH BELL FOR LOSS OF GUIDANCE

95.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "94" inclusive with the same force and effect as if more fully set forth at length herein.

96.    At all times hereinafter mentioned, the plaintiff, JADA BELL, was the infant child of the plaintiff, decedent, SEAN ELIJAH BELL, who provided support, maintenance parental nurture and care, and the physical, moral and intellectual training and guidance prior to this occurrence.

97.    As a result of the defendants' negligence, and violation of the decedent's constitutional rights, JADA BELL, has been deprived of the support, maintenance, parental nurture and care, the physical, moral and intellectual training and guidance of her father forever.

98.    By reason of the foregoing, the plaintiffs, NICOLE PAULTRE BELL, as Mother and Natural Guardian of JADA BELL, demands judgment for loss of guidance, support, maintenance parental nurture and care, and the physical, moral and intellectual training on behalf of JADA BELL, against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, for loss of services, society, comfort, affection of her Father, SEAN ELIJAH BELL, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF
## JOSEPH GUZMAN FOR CIVIL RIGHTS VIOLATION -Sec. 1983 of 42 U.S.C.

99.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "98" inclusive with the same force and effect as if more fully set forth at length herein.

100.    That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, plaintiff, JOSEPH GUZMAN, was lawfully present at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

101.    That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, JOSEPH GUZMAN, was lawfully present at or near the corner of Liverpool Street and 94th Avenue, County of Queens, City and State of New York.

102.    At the aforementioned time and place plaintiff, JOSEPH GUZMAN, was a lawful occupant in the motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL.

103.    At the aforementioned time and place as the plaintiff, JOSEPH GUZMAN, lawfully occupied the aforementioned motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH. The defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and began shooting at the plaintiff, JOSEPH GUZMAN, striking plaintiff, JOSEPH GUZMAN, multiple times without reason or provocation.

104.    That the shooting of the plaintiff, JOSEPH GUZMAN, was without probable cause.

105.    The aforementioned shooting was performed knowingly, intentionally and willfully.

106.    The aforementioned shooting was performed negligently and recklessly.

107.    The aforementioned shooting was performed without reason or provocation.

108.    The aforementioned shooting caused serious personal injuries to the plaintiff, JOSEPH GUZMAN.

109.    After the aforementioned shooting plaintiff, JOSEPH GUZMAN, was placed under

arrest.

110.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the discharge of their firearms

111.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the arrest of the plaintiff, JOSEPH GUZMAN, and there was no legal cause or excuse for his seizure.

112.    The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

113.    That at all times hereinafter mentioned, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, engaged in the actions and conduct alleged herein in their official capacity as New York City Police Officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

114.    That such actions served to deprive the plaintiff,  JOSEPH GUZMAN, of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Sec. 1983 of 42 U.S.C.  In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force.

115.    The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct it's police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly - failed to tear down the "Blue Wall of Silence" so as to force the disclosure of these constitutional abuses and to take corrective measures.

116.    Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the Police Department.  It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate

cause of the violations of the plaintiff, JOSEPH GUZMAN'S rights on the morning of November 25, 2006.

117.     By reason of the foregoing,  the plaintiff, JOSEPH GUZMAN, demands judgment for violation of his civil rights against the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY,  in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A TWELFTH CAUSE OF ACTION CAUSE OF ACTION
## ON BEHALF OF JOSEPH GUZMAN FOR  NEGLIGENCE

118.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "117"  inclusive with the same force and effect as if more fully set forth at length herein.

119.     That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, both directly and vicariously.

120.     Such negligence consisted of: in training, hiring, supervision and retention of police officers/detectives, outrageous conduct, in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of deadly lethal force causing the serious injuries both physical and emotional, discrimination arising and resulting out of a  shooting of the plaintiff and further, deprived plaintiff's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York;  in failing to use care in the performance of police duties as reasonably prudent and careful police would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; failing to properly investigate their background; in failing to properly train and instruct police

officers/detectives, especially regarding the abuse of power while in the field; in failing to give police officers/detectives proper instructions on the use of force, use of firearms including proper discharge of said weapons; in failing to give police officers/detectives proper training regarding the phenomenon known as "contagious shooting" in their training and instruction, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives in the field, including the police officers/detectives herein as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State of New York, which allowed the abuse and shooting of the plaintiff, JOSEPH GUZMAN.

121.    The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were negligent, reckless and careless in shooting the plaintiff, JOSEPH GUZMAN.

122.    As the result of said negligence, the plaintiff, JOSEPH GUZMAN, was caused to suffer severe physical injuries and pain and suffering, including pain and suffering; emotional and psychological distress and horror.

123.    By reason of the foregoing, the plaintiff, JOSEPH GUZMAN, demands judgment for negligence against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION ON BEHALF OF JOSEPH GUZMAN FOR NEGLIGENT HIRING AND RETENTION

124.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "123" inclusive with the same force and effect as if more fully set forth at length herein.

125.    The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection,

engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, who shot the plaintiff JOSEPH GUZMAN.

126.   That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, P.O. PAUL HEADLEY, P.O. MICHAEL CARY, P.O. MARC COOPER, P.O. GESCARD ISNORA and P.O. MICHAEL OLIVER, and continued to employ them and allowed them to be in contact with the public at large.

127.   By reason of the foregoing, the plaintiff, JOSEPH GUZMAN, demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION ON BEHALF OF JOSEPH GUZMAN FOR ASSAULT AND BATTERY

128.   The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "127" inclusive with the same force and effect as if more fully set forth at length herein.

129.   That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

130.   That the defendant, THE CITY OF NEW YORK maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

131.   That the defendant, THE CITY OF NEW YORK, its agents, servants and/or employees operated, maintained, and controlled a police force known as THE NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed thereby.

132.    That at all times hereinafter mentioned, the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were employed by the defendant, NEW YORK CITY POLICE DEPARTMENT.

133.    That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, the plaintiff, JOSEPH GUZMAN, was lawfully present at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

134.    That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, JOSEPH GUZMAN, was lawfully present at or near the corner of Liverpool Street and 94th Avenue, County of Queens, City and State of New York.

135.    At the aforementioned time and place plaintiff, JOSEPH GUZMAN, was a lawful occupant in the vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL.

136.    At the aforementioned time and place as the plaintiff, JOSEPH GUZMAN, lawfully occupied the aforementioned motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL. The defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and began shooting at the plaintiff, JOSEPH GUZMAN. Striking plaintiff, JOSEPH GUZMAN, multiple times without reason or provocation.

137.    That the shooting of the plaintiff, JOSEPH GUZMAN, was without probable cause.

138.    The aforementioned shooting was performed knowingly, intentionally and willfully.

139.    The aforementioned shooting was performed negligently and recklessly.

140.    The aforementioned shooting was performed without reason or provocation.

141.    The aforementioned shooting caused serious personal injuries to the plaintiff, JOSEPH GUZMAN.

142.    After the aforementioned shooting plaintiff, JOSEPH GUZMAN, was placed under arrest.

143.    At no time during the events described above or as the events occurred did the

defendants officers have probable cause for the discharge of their firearms

144.     At no time during the events described above or as the events occurred did the defendants officers have probable cause for the arrest of the plaintiff, JOSEPH GUZMAN, and there was no legal cause or excuse for his seizure.

145.     The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

146.     By reason of said shooting the plaintiff, JOSEPH GUZMAN, was caused to suffer severe physical injuries and pain and suffering, including pain and suffering; emotional and psychological distress and horror.

147.     By reason of the foregoing, the plaintiff, JOSEPH GUZMAN, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR FIFTEENTH CAUSE OF ACTION  ON BEHALF OF JOSEPH GUZMAN FOR FALSE ARREST AND IMPRISONMENT

148.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "147" inclusive with the same force and effect as if more fully set forth at length herein.

149.     That on November 25, 2006, the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, who were working within their scope of employment and authority with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, when they arrested and confined the plaintiff, JOSEPH GUZMAN.

150.     That the arrest and confinement was without probable cause nor based on reasonable

grounds and not founded upon an arrest warrant.

151. That the false arrest and confinement of the plaintiff, JOSEPH GUZMAN, occurred after he was shot multiple times and sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

152. By the reason of the foregoing, the plaintiff, JOSEPH GUZMAN, demands judgment for false arrest and imprisonment against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION ON BEHALF OF JOSEPH GUZMAN FOR PUNITIVE DAMAGES

153. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "152" inclusive with the same force and effect as if more fully set forth at length herein.

154. The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

155. The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, its agents, servants and/or employees, herein above alleged.

156. By the reason of the foregoing, the plaintiff, JOSEPH GUZMAN, demands judgment for punitive damages against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION ON BEHALF OF

## TRENT BENEFIELD FOR CIVIL RIGHTS VIOLATION -Sec. 1983 of 42 U.S.C.

157.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "156" inclusive with the same force and effect as if more fully set forth at length herein.

158.    That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, TRENT BENEFIELD, was lawfully present at or near the corner of Liverpool Street and 94th Avenue, County of Queens, City and State of New York.

159.    At the aforementioned time and place plaintiff, TRENT BENEFIELD, was a lawful occupant in the motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL.

160.    At the aforementioned time and place as the plaintiff, TRENT BENEFIELD, lawfully occupied the aforementioned motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL. The defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and began shooting at the plaintiff, TRENT BENEFIELD, striking plaintiff, TRENT BENEFIELD, multiple times without reason or provocation.

161.    That the shooting of the plaintiff, TRENT BENEFIELD, was without probable cause.

162.    The aforementioned shooting was performed knowingly, intentionally and willfully.

163.    The aforementioned shooting was performed negligently and recklessly.

164.    The aforementioned shooting was performed without reason or provocation.

165.    The aforementioned shooting caused serious personal injuries to the plaintiff, TRENT BENEFIELD.

166.    After the aforementioned shooting plaintiff, TRENT BENEFIELD, was placed under arrest.

167.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the discharge of their firearms

168.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the arrest of the plaintiff, TRENT BENEFIELD, and there was no legal cause or excuse for his seizure.

169.    The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

170.    That at all times hereinafter mentioned, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, engaged in the actions and conduct alleged herein in his official capacity as a New York City police officer and under the color and authority of State law, regulation, ordinance, custom, and usage.

171.    That such actions served to deprive the plaintiff, TRENT BENEFIELD, of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Sec. 1983 of 42 U.S.C. In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force.

172.    The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct it's police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly - failed to tear down the "Blue Wall of Silence" so as to force the disclosure of these constitutional abuses and to take corrective measures.

173.    Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate cause of the violations of the plaintiff, TRENT BENEFIELD'S, rights on the morning of November 25, 2006.

174.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment

for violation of his civil rights against the defendants, THE CITY OF NEW YORK and THE NEW

YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL

OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O.

PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION ON BEHALF
### OF TRENT BENEFIELD FOR NEGLIGENCE

175.    The plaintiff repeats and realleges each and every allegation set forth above

numbered "1" through "174" inclusive with the same force and effect as if more fully set forth at

length herein.

176.    That said incident and the injuries resulting therefrom were caused solely by the

negligence, carelessness, and recklessness of defendants, THE CITY OF NEW YORK and THE

NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the

police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O.

MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, both directly and

vicariously.

177.    Such negligence consisted of: in training, hiring, supervision and retention of police

officers/detectives, outrageous conduct, in failing to observe the existing police department protocols

for police officers/detectives designed to govern the use of deadly lethal force causing the serious

injuries both physical and emotional, discrimination arising and resulting out of a shooting of the

plaintiff and further, deprived plaintiff's civil rights, privileges and immunities secured under the

Constitutions of the United States of America and State of New York; in failing to use care in the

performance of police duties as reasonably prudent and careful police would have used in similar

circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives;

failing to properly investigate their background; in failing to properly train and instruct police

officers/detectives, especially regarding the abuse of power while in the field; in failing to give

police officers/detectives proper instructions on the use of force, use of firearms including proper

discharge of said weapons; in failing to give police officers/detectives proper training regarding the

phenomenon known as "contagious shooting" in their training and instruction, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives in the field, including the police officers/detectives herein as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State of New York, which allowed the abuse and shooting of the plaintiff, TRENT BENEFIELD.

178.    The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were negligent, reckless and careless in shooting the plaintiff, TRENT BENEFIELD.

179.    As the result of said negligence, the plaintiff, TRENT BENEFIELD, was caused to suffer severe physical injuries and pain and suffering, including pain and suffering; emotional and psychological distress and horror.

180.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for negligence against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A NINETEENTH CAUSE OF ACTION ON BEHALF OF TRENT BENEFIELD ACTION FOR NEGLIGENT HIRING AND RETENTION

181.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "180" inclusive with the same force and effect as if more fully set forth at length herein.

182.    The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, who shot

the plaintiff, TRENT BENEFIELD

183.    That the defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT,  had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, and continued to employ them and allowed them to be in contact with the public at large.

184.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY,  in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A TWENTIETH CAUSE OF ACTION ON BEHALF OF TRENT BENEFIELD FOR  ASSAULT AND BATTERY

185.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "184" inclusive with the same force and effect as if more fully set forth at length herein.

186.    That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

187.    That the defendant THE CITY OF NEW YORK maintains a  police force known as the NEW YORK CITY POLICE DEPARTMENT.

188.    That the defendant,  THE CITY OF NEW YORK, its agents, servants and/or employees operated, maintained, and controlled a police force known as THE NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed thereby.

189.    That at all times hereinafter mentioned, the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, were employed by the defendant, NEW YORK CITY POLICE DEPARTMENT.

190.    That on November 25, 2006 at approximately 4:00 A.M. and for sometime prior thereto, the plaintiff, TRENT BENEFIELD, was lawfully present at an establishment known as Kalua Cabaret, located at 143-08 94th Avenue, County of Queens, City and State of New York.

191.    That on November 25, 2006 at approximately 4:00 A.M. the plaintiff, TRENT BENEFIELD, was a lawfully present at or near the corner of Liverpool Street and 94th Avenue, County of Queens, City and State of New York.

192.    At the aforementioned time and place the plaintiff, TRENT BEBEFIELD, was a lawful occupant in the vehicle operated by the plaintiff, decedent, SEAN ELIJAH BELL.

193.    At the aforementioned time and place as the plaintiff, TRENT BENEFIELD, lawfully occupied the aforementioned motor vehicle operated by the plaintiff, decedent, SEAN ELIJAH. The defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and shooting at the plaintiff, TRENT BENEFIELD. Striking the plaintiff, TRENT BENEFIELD, multiple times without reason or provocation.

194.    That the shooting of the plaintiff, TRENT BENEFIELD, was without probable cause.

195.    The aforementioned shooting was performed knowingly, intentionally and willfully.

196.    The aforementioned shooting was performed negligently and recklessly.

197.    The aforementioned shooting was performed without reason or provocation.

198.    The aforementioned shooting caused serious personal injuries to the plaintiff, TRENT BENEFIELD.

199.    After the aforementioned shooting plaintiff, TRENT BENEFIELD, was placed under arrest. Said arrest and confinement was seen on many local television news programs.

200.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the discharge of their firearms

201.    At no time during the events described above or as the events occurred did the

defendants officers have probable cause for the arrest of the plaintiff, TRENT BENEFIELD, and there was no legal cause or excuse for his seizure.

202.    The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

203.    By reason of said shooting the plaintiff, TRENT BENEFIELD, was caused suffer severe physical injuries and pain and suffering, including pain and suffering; emotional and psychological distress and horror.

204.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR TWENTY-FIRST CAUSE ACTION ON BEHALF OF
### TRENT BENEFIELD FOR FALSE ARREST AND IMPRISONMENT

205.    The plaintiff repeats and realleges each and every allegation set forth above numbered"1" through "204" inclusive with the same force and effect as if more fully set forth at length herein.

206.    That on November 25, 2006, the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, as agents, servants and/or employees who were working within their scope of employment and authority when they arrested and confined the plaintiff, TRENT BENEFIELD.

207.    That the arrest and confinement were without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

208.    That as a result of the aforesaid false arrest and confinement, plaintiff, TRENT BENEFIELD, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

defendants officers have probable cause for the arrest of the plaintiff, TRENT BENEFIELD, and there was no legal cause or excuse for his seizure.

202. The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

203. By reason of said shooting the plaintiff, TRENT BENEFIELD, was caused suffer severe physical injuries and pain and suffering, including pain and suffering; emotional and psychological distress and horror.

204. By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR TWENTY-FIRST CAUSE ACTION ON BEHALF OF
## TRENT BENEFIELD FOR FALSE ARREST AND IMPRISONMENT

205. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "204" inclusive with the same force and effect as if more fully set forth at length herein.

206. That on November 25, 2006, the defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY, as agents, servants and/or employees who were working within their scope of employment and authority when they arrested and confined the plaintiff, TRENT BENEFIELD.

207. That the arrest and confinement were without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

208. That as a result of the aforesaid false arrest and confinement, plaintiff, TRENT BENEFIELD, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

As the aforesaid arrest was displayed over many televised news programs.

209.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for false arrest and imprisonment against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY,   in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION ON BEHALF OF TRENT BENEFIELD FOR PUNITIVE DAMAGES

210.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "209" inclusive with the same force and effect as if more fully set forth at length herein.

211.    The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

212.    The defendants, THE CITY OF NEW YORK NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT,  authorized, permitted and ratified the unlawful and negligent acts of defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY,  its agents, servants and/or employees, herein above alleged.

213.    By reason of the foregoing, the plaintiff, TRENT BENEFIELD, demands judgment for punitive damages against the defendants, THE CITY OF NEW YORK and  NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, P.O. MICHAEL OLIVER, P.O. GESCARD ISNORA, P.O. MARC COOPER, P.O. MICHAEL CARY and P.O. PAUL HEADLEY,  in a sum exceeding the jurisdictional limits of all the lower courts.

**WHEREFORE,** plaintiff, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, **for wrongful death**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First Cause of Action**; plaintiff, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, **for negligence**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second Cause of Action**; plaintiff, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, **for negligent hiring and retention**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third Cause of Action**; plaintiff, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, **for civil rights violation**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth Cause of Action**; plaintiff, decedent, SEAN ELIJAH BELL, **for assault and battery**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth Cause of Action**; plaintiff, NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, **for punitive damages**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Sixth Cause of Action**; plaintiff, JORDYN BELL, infant child of father and natural guardian decedent, SEAN ELIJAH BELL, **for loss of services**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Seventh Cause of Action**; plaintiff, JADA BELL, infant child of father and natural guardian decedent, SEAN ELIJAH BELL, **for loss of services**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Eighth Cause of Action**; plaintiff, JORDYN BELL, infant child of father and natural guardian decedent, SEAN ELIJAH BELL, **for loss of guidance**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Ninth Cause of Action**; plaintiff, JADA BELL, infant child of father and natural guardian decedent, SEAN ELIJAH BELL, **for loss of guidance**, demands judgment both

compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Tenth Cause of Action**; plaintiff, JOSEPH GUZMAN, **for civil rights violation**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Eleventh Cause of Action**; plaintiff, JOSEPH GUZMAN, **for negligence**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Twelfth Cause of Action**; plaintiff, JOSEPH GUZMAN, for **negligent hiring and retention**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Thirteenth Cause of Action**; plaintiff, JOSEPH GUZMAN, **for assault and battery**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Fourteenth Cause of Action**; plaintiff, JOSEPH GUZMAN, **false arrest and imprisonment**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Fifteenth Cause of Action**; plaintiff, JOSEPH GUZMAN, for **punitive damages**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Sixteenth Cause of Action**; plaintiff, TRENT BENEFIELD, **for civil rights violation**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Seventeenth Cause of Action**; plaintiff, TRENT BENEFIELD, **for negligence**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Eighteenth Cause of Action** ; plaintiff, TRENT BENEFIELD, **for negligent hiring and retention**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Nineteenth Cause of Action**; plaintiff, TRENT BENEFIELD, **for assault and battery**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Twentieth Cause of Action**; plaintiff, TRENT BENEFIELD, **false arrest and imprisonment**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **Twenty-First Cause of Action**; the plaintiff, TRENT BENEFIELD,  **for punitive damages**, demands judgment both compensatory and exemplary in an

amount exceeding the jurisdictional limits of all lower Courts, on the **Twenty-Second Cause of Action**; together with attorneys' fees, and the costs and disbursements of this action.

DATED:  Brooklyn, New York
         July 10, 2007

                            Yours, etc.

                            SCOTT E. RYNECKI, ESQ. (SER4339)
                            RUBENSTEIN & RYNECKI, ESQS.
                            Attorneys for Plaintiffs
                            16 Court Street Suite 1717
                            Brooklyn, New York 11241
                            (718) 522-1020
                            MICHAEL A. HARDY, ESQ.  (MH4324)
                            Co-Attorney for Plaintiffs
                            1674 Broadway, 7th Floor
                            New York, New York 10019
                            (212) 262-0900
                            NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL individually, JOSEPH GUZMAN and TRENT BENEFIELD
                            File No.: 06SB11-25

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )

                                        ) SS:

COUNTY OF KINGS       )

     TRENT BENEFIELD, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                _____
                                  TRENT BENEFIELD

Sworn to before me this
___ day of ____, 2007

_____
NOTARY PUBLIC

          **CHARLOTTE YOUNG**
      **Notary** Public, State of New **York**
          No. 01YO6131477
        **Qualified In Kings County**
   **Commission Expires 08/01/20__**

## <u>INDIVIDUAL VERIFICATION</u>

STATE OF NEW YORK   )

                                                  ) SS:

COUNTY OF KINGS        )


     NICOLE PAULTRE BELL, as Administratrix of the Estate of SEAN ELIJAH BELL, and on behalf of his infant children, JADA BELL and JORDYN BELL and individually, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

NICOLE PAULTRE BELL

Sworn to before me this
1st day of July , 2007

NOTARY PUBLIC

CHARLOTTE YOUNG
Notary Public, State of New York
No. 01YO6131477
Qualified in Kings County
Commission Expires 08/01/20 09