UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NICOLE PAULTRE BELL, as Administratrix of the Estate
of SEAN ELIJAH BELL, an on behalf of his infant
children, JADA BELL and JORDYN BELL and NICOLE
PAULTRE BELL, individually, JOSEPH GUZMAN and
TRENT BENEFIELD,

07 CV 2994(SJ)(RLM)

                              Plaintiffs,

                                                          **ANSWER WITH**
                                                          **CROSS-CLAIMS**

          -against-

THE CITY OF NEW YORK, THE NEW YORK POLICE
DEPARTMENT, P.O. PAUL HEADLEY, P.O. MICHAEL
CARY, P.O. MARC COOPER, P.O. GESCARD ISNORA
and P.O. MICHAEL OLIVER,

                              Defendants.

-------------------------------------------------------------------X

Defendants, MARC COOPER, GESCARD ISNORA and MICHAEL OLIVER, by their

attorneys, KARASYK & MOSCHELLA, LLP, as and for an Answer to Plaintiffs' Complaint,

respectfully sets forth as follows:

<u>THE PARTIES</u>

1.    Deny knowledge or information sufficient to form a belief as to paragraphs 1, 2, 3,

4, 5 and 6 of the Complaint.

2.    Admit the allegations contained in paragraphs 7 and 8 of the Complaint.

3.    Admit the allegations contained in paragraph 9 only insofar as defendants were at

all times relevant herein acting within the scope of their employment and under color of state

law.

<u>NOTICE OF CLAIM</u>

4.    Deny knowledge or information sufficient to form a belief as to paragraphs 10, 11

and 12 of the Complaint.

## FACTUAL ALLEGATIONS

5.    Admit the allegations contained in paragraphs 13, 14, 15, 20 and 34 of the Complaint.

6.    Admit the allegations in paragraphs 16, 17, 18 and 19 but deny knowledge or information whether plaintiff was "lawfully" present at said location.

7.    Deny the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36 and 37 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

8.    Defendants, answering paragraph 38, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

9.    Deny the allegations contained in paragraphs 39, 40, 41, 42, 43, 45 and 48 of the Complaint.

10.    Admit the allegations contained in paragraph 44 of the Complaint.

11.    Deny the allegations in paragraphs 46 and 47 as they may relate to defendants.

## ANSWERING THE SECOND CAUSE OF ACTION

12.    Defendants, answering paragraph 49, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

13.    Deny the allegations contained in paragraphs 50, 51, 52, 53, 54 and 55 as they relate to defendants Cooper, Isnora and Oliver.

## ANSWERING THE THIRD CAUSE OF ACTION

14.    Defendant, answering paragraph 56, repeat and reallege all of their

responses with full force and effect as if fully set forth herein.

15.     Deny the allegations contained in paragraphs 57, 58 and 59 as they relate to defendants Cooper, Isnora and Oliver.

### ANSWERING THE FOURTH CAUSE OF ACTION

16.     Defendants, answering paragraph 60, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

17.     Deny the allegations contained in paragraphs 61, 62, 63, 64, 66, 67, 68, 69 and 70 of the Complaint.

18.     Deny the allegations contained in paragraph 65 except admit that at all times defendants were acting under color of law and within their authority as law enforcement officers within the employ of the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

### ANSWERING THE FIFTH CAUSE OF ACTION

19.     Defendants, answering paragraph 71, repeats and reallege all of their responses with full force and effect as if fully set forth herein.

20.     Deny knowledge or information sufficient to form a belief as to paragraph 72 of the Complaint.

21.     Deny the allegations contained in paragraphs 73, 74, 76, 77 and 78 of the Complaint.

22.     Admit the allegations contained in paragraph 75 of the Complaint regarding scope of employment.

ANSWERING THE SIXTH CAUSE OF ACTION

23.    Defendants, answering paragraph 79, repeat and reallege all of their
responses with full force and effect as if fully set forth herein.

24.    Deny the allegations contained in paragraphs 80, 81 and 82 of the Complaint.

ANSWERING THE SEVENTH CAUSE OF ACTION

25.    Defendants, answering paragraph 83, repeat and reallege all of their
responses with full force and effect as if fully set forth herein.

26.    Deny knowledge or information sufficient to form a belief as to paragraph 84 of
the Complaint.

27.    Deny the allegations contained in paragraphs 85 and 86 of the Complaint.

ANSWERING THE EIGHTH CAUSE OF ACTION

28.    Defendants, answering paragraph 87, repeat and reallege all of their
responses with full force and effect as if fully set forth herein.

29.    Deny knowledge or information sufficient to form a belief as to paragraph 88 of
the Complaint.

30.    Deny the allegations contained in paragraphs 89 and 90 of the Complaint.

ANSWERING THE NINTH CAUSE OF ACTION

31.    Defendants, answering paragraph 91, repeat and reallege all of their
responses with full force and effect as if fully set forth herein.

32.    Deny knowledge or information sufficient to form a belief as to paragraph 92 of
the Complaint.

33.    Deny the allegations contained in paragraphs 93 and 94 of the Complaint.

## ANSWERING THE TENTH CAUSE OF ACTION

34.    Defendants, answering paragraph 95, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

35.    Deny knowledge or information sufficient to form a belief as to paragraph 96 of the Complaint.

36.    Deny the allegations contained in paragraphs 97 and 98 of the Complaint.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

37.    Defendants, answering paragraph 99, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

38.    Deny knowledge or information sufficient to form a belief as to paragraphs 100, 101 and 102 of the Complaint.

39.    Deny the allegations contained in paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 114 and 117 of the Complaint.

40.    Admit the allegations contained in paragraphs 112 and 113 of the Complaint.

41.    Deny the allegations contained in paragraphs 115 and 116 as they may relate to defendants Cooper, Isnora and Oliver.

## ANSWERING THE TWELFTH CAUSE OF ACTION

42.    Defendants, answering paragraph 118, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

43.    Deny the allegations contained in paragraphs 119, 120 and 121 as they may relate to defendants Cooper, Isnora and Oliver.

44.    Deny the allegations contained in paragraphs 122 and 123 of the Complaint.

5

## ANSWERING THE THIRTEENTH CAUSE OF ACTION

45.    Defendants, answering paragraph 124, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

46.    Deny the allegations contained in paragraphs 125 and 126 as they may relate to defendants Cooper, Isnora and Oliver.

47.    Deny the allegations contained in paragraph 127 of the Complaint.

## ANSWERING THE FOURTEENTH CAUSE OF ACTION

48.    Defendants, answering paragraph 128, repeat and reallege all of her responses with full force and effect as if fully set forth herein.

49.    Admit the allegations contained in paragraphs 129, 130, 131, 132 and 145 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to paragraphs 133, 134 and 135 of the Complaint.

51.    Deny the allegations contained in paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 146 and 147 of the Complaint.

## ANSWERING FIFTEENTH CAUSE OF ACTION

52.    Defendants, answering paragraph 148, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

53.    Deny the allegations contained in paragraph 149 except admit that at all times relevant herein defendants were working within their scope of employment and authority with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

54.     Deny the allegations contained in paragraphs 150, 151 and 152 of the Complaint.

<u>ANSWERING THE SIXTEENTH CAUSE OF ACTION</u>

55.     Defendants, answering paragraph 153, repeat and reallege all of her responses with full force and effect as if fully set forth herein.

56.     Deny the allegations contained in paragraphs 154, 155 and 156 of the Complaint.

<u>ANSWERING TRENT BENEFIELD'S CLAIM FOR
CIVIL RIGHTS VIOLATION-Sec 1983 of 42 U.S.C.</u>

57.     Defendants, answering paragraph 157, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

57.     Deny knowledge or information sufficient to form a belief as to paragraphs 158 and 159 of the Complaint.

58.     Deny the allegations contained in paragraphs 160, 161, 162, 163, 164, 165, 166, 167, 168, 171, 172, 173 and 174  of the Complaint.

59.     Admit the allegations contained in paragraphs 169 and 170 of the Complaint.

<u>ANSWERING THE EIGHTEENTH CAUSE OF ACTION</u>

60.     Defendants, answering paragraph 175, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

61.     Deny the allegations contained in paragraphs 176, 177, 178, 179 and 180 of the Complaint.

<u>ANSWERING THE NINETEENTH CAUSE OF ACTION</u>

62.     Defendants, answering paragraph 181, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

63.     Deny the allegations contained in paragraphs 182, 183 and 184 as they may relate to defendants Cooper, Isnora and Oliver.

## ANSWERING TWENTIETH CAUSE OF ACTION

64.     Defendants, answering paragraph 185, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

65.     Admit the allegations contained in paragraphs 186, 187, 188, 189 and 202 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to paragraphs 190, 191 and 192 of the Complaint.

67.     Deny the allegations contained in paragraphs 193, 194, 195, 196, 197, 198, 199, 200, 201, 203 and 204.

## ANSWERING THE TWENTY-FIRST CAUSE OF ACTION

68.     Defendants, answering paragraph 205, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

69.     Deny the allegations contained in paragraphs 206, 207, 208 and 209 of the Complaint.

## ANSWERING THE TWENTY-SECOND CAUSE OF ACTION

70.     Defendants, answering paragraph 210, repeat and reallege all of their responses with full force and effect as if fully set forth herein.

71.     Deny the allegations contained in paragraphs 211, 212 and 213 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72.     The complaint fails to state a claim against defendants Cooper, Isnora and Oliver

upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73.     At all relevant times defendants Cooper, Isnora and Oliver acted lawfully and

properly within the scope of their authority as New York City Police Officers.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74.     Defendants Cooper, Isnora and Oliver are immune from suit and liability to

plaintiffs, as, among other reasons, defendants were acting in their official capacity as New York

City Police Officers and acted with the reasonable belief that their actions were lawful and within

the scope of their duties as police officers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75.     Defendants Cooper, Isnora and Oliver have not violated any rights, privileges or

immunities secured to plaintiffs by the Constitution or laws of the United States, nor have they

violated any Act of Congress providing for the protection of Civil Rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76.     The conduct of defendants Cooper, Isnora and Oliver were at all times reasonable,

lawful, proper, within the scope of defendants' authority and discretion, and carried out in

conformity with the Constitution and laws of the State of New York and all applicable municipal

laws and regulations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77.     Defendants Cooper, Isnora and Oliver, duly appointed Police Officers, acted

according to law, and at the time and place complained of, did take lawful, proper and prudent police action with respect to plaintiffs.

78.     Defendants Cooper, Isnora and Oliver acting in their capacity as  New York City Police Officers, had reasonable cause to take appropriate reasonable, prudent and lawful police action with respect to plaintiffs in all matters alleged in the complaint.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

79.     If defendants Cooper, Isnora and Oliver used force against the plaintiffs, they used only so much force as they reasonably perceived to be necessary under the circumstances.

<u>AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE</u>

80.     Defendants Cooper, Isnora and Oliver were justified in their actions regarding the plaintiffs and decedent, as defendants acted within the scope of their duty, without excessive force, and in the good faith belief that their actions to enforce applicable laws were immediately necessary.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

81.     Defendants Cooper, Isnora and Oliver were justified in their actions regarding the plaintiffs and the decedent and at all times lawfully acted in self-defense and the defense of others.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

82.     Any injuries alleged in the complaint were due either in whole or in part to plaintiffs' and the decedent's own culpable and/or criminal conduct.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

83.     Plaintiff, NICOLE PAULTRE BELL, lacks standing to sue the defendants herein

in an individual capacity.

<u>AS AND FOR TWELFTH AFFIRMATIVE DEFENSE</u>

84.     Any damages alleged in the Complaint by some or all of the plaintiffs were not proximately caused by some or all of the defendants herein.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

85.     Defendants, Cooper, Isnora and Oliver did not owe a legal duty to any of the plaintiffs or the decedent herein, nor did they breach any such duty if one is found to have existed.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

86.     If it is determined that plaintiffs, GUZMAN and BENEFIELD, were arrested, as alleged in the Complaint, probable cause existed for such arrest.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

87.     Plaintiffs cannot establish a claim for punitive damages against any defendant herein.

<u>AS AND FOR A FIRST CROSS-CLAIM BY DEFENDANTS
COOPER, ISNORA AND OLIVER
AGAINST THE CITY OF NEW YORK</u>

88.     All of the actions of defendants Cooper, Isnora and Oliver mentioned in the complaint were performed within the discharge and performance of their duties as New York City Police Officers, were not in violation of any rule or regulation of the New York City Police Department, and were within the scope of their employment.

89.     Any liability to the plaintiff must therefore be assumed by defendant CITY OF NEW YORK pursuant to Section 50-k of the New York State General Municipal Law, which, among other things, provides that defendants Cooper, Isnora and Oliver are entitled to be

indemnified and held harmless by defendant CITY OF NEW YORK.

<u>AS AND FOR A SECOND CROSS-CLAIM BY DEFENDANTS
COOPER, ISNORA AND OLIVER
AGAINST THE CITY OF NEW YORK</u>

90.    All of the actions of defendants Cooper, Isnora and Oliver were performed within

the performance of their duties and within the scope of their employment as  New York City

Police Officers, and any liability to plaintiff must be assumed by defendant CITY OF NEW

YORK pursuant to Section 50-k of the New York State General Municipal Law.

91.    Any costs which may be sustained by defendants Cooper, Isnora and Oliver,

including attorney's fees, in the defense of this action are embraced within the provisions of

General Municipal Law Section 50-k.

92.    Accordingly, defendants Cooper, Isnora and Oliver are entitled to recovery from

defendant CITY OF NEW YORK for such amounts as may be expended by them or on their

behalf in the defense of this action.

**WHEREFORE,** defendants Cooper, Isnora and Oliver demand judgment dismissing the

Complaint herein and denying all requested relief, granting defendants Cooper, Isnora and

Oliver's cross-claims against defendant City of New York, and for such other and further relief

as seems just and proper to this Court.

Dated: New York, New York
      June 14, 2010

                    Yours, etc.

                    KARASYK & MOSCHELLA, LLP
                    By: James M. Moschella, Esq.
                    Attorneys for Defendants-*Cooper, Isnora and Oliver*
                    225 Broadway, 32nd Floor
                    New York, NY 10007
                    (212) 233-3800

TO:    Scott E. Rynecki, Esq.
          Rubenstein & Rynecki, Esqs.
          Attorneys for Plaintiffs
          16 Court Street, Suite 1717
          Brooklyn, NY 11241
          (718) 522-1020

          Michael A. Hardy, Esq.
          Co-Attorneys for Plaintiffs
          1674 Broadway, 7th Floor
          New York, NY 10019
          (212) 262-0900

          Kathleen Naughton, Esq.
          New York City Law Department
          100 Church Street
          New York, NY 10007

          Richard Signorelli, Esq.
          Attorney for defendant - Michael Cary
          799 Broadway, Suite 539
          New York, New York 10003
          (212) 254-4218

W:\IRODRIG\MOSCHELL\ISNORA\answer.june2010.wpd

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                        )S.S.:
COUNTY OF NEW YORK )

IRIS RODRIGUEZ, being duly sworn deposes and says: That I am not a party to this action and that I reside in Orange County, New York.  That on the 17th day of June, 2010, I served a true copy of the annexed **ANSWER WITH CROSS CLAIMS** upon:

> Scott E.  Rynecki, Esq.
> Rubenstein & Rynecki, Esqs.
> Attorneys for Plaintiffs
> 16 Court Street, Suite 1717
> Brooklyn, NY 11241
> (718) 522-1020
>
> Michael A.  Hardy, Esq.
> Co-Attorneys for Plaintiffs
> 1674 Broadway, 7th Floor
> New York, NY 10019
> (212) 262-0900
>
> Kathleen Naughton, Esq.
> New York City Law Department
> 100 Church Street
> New York, NY 10007
>
> Richard Signorelli, Esq.
> Attorney for defendant - Michael Cary
> 799 Broadway, Suite 539
> New York, New York 10003
> (212) 254-4218

by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Post Office within the State of New York addressed to the last known address of the addressee(s) as indicated above and by electronic case filing.

_____
IRIS RODRIGUEZ

Sworn to before me on
June 17, 2010

_____
NOTARY PUBLIC

JOANNE VITALE
Notary Public, State of New York
No. 01VI6148813
Qualified in Richmond County
Commission Expires 06/26/20___