UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

NICOLE PAULTRE BELL, as Administratrix of the Estate
of SEAN ELIJAH BELL, and on behalf of his infant
children, JADA BELL and JORDYN BELL and NICOLE
PAULTRE BELL individually, JOSEPH GUZMAN and
TRENT BENEFIELD,

|  |  |
|---|---|
|  | Plaintiffs, |

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. PAUL HEADLEY, P.O.
MICHAEL CARY, P.O. MARC COOPER, P.O.
GESCARD ISNORA and P.O. MICHAEL OLIVER,

Defendants.

----------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANTS CITY OF
NEW YORK, THE NEW
YORK CITY POLICE
DEPARTMENT, AND
DETECTIVE PAUL
HEADLEY**

07-CV-02994 (SJ)(RLM)

Jury Trial Demanded

Defendants City of New York ("City"), the New York City Police Department ("NYPD"), and Detective Paul Headley by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1.    Deny the allegations set forth in the unnumbered paragraphs of the Complaint entitled "Jurisdiction," except admit that plaintiffs purport to proceed as stated therein and that plaintiffs purport to invoke the jurisdiction of this Court as stated therein and that plaintiffs purport to base venue as stated therein and plaintiffs set forth a demand for a jury trial which is not an averment of fact and accordingly no response is required.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

5.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

8.     Admit the allegations set forth in paragraph "7" of the Complaint.

9.     Deny the allegations set forth in paragraph "8 " of the Complaint, except respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City of New York and the New York City Police Department.

10.     Deny the allegations set forth in paragraph "9" of the Complaint, and its subparts, except admit that plaintiffs purport to proceed as stated therein and that individuals named "Michael Oliver," "Gescard Isnora," Marc Cooper," "Michael Cary," and "Paul Headley" are employed by the City of New York as police officers and detectives, and state that the allegations that the defendants "all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or City of New York" are conclusions of law rather than averments of fact to which no response is required.

- 2 -

11.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that on or about January 26, 2007 documents purporting to be notices of claim were received by the City of New York on behalf of Joseph Guzman, Trent Benefield and Nicole Bell as Administratrix of the Estate of Sean Elijah Bell.

12.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that on or about January 26, 2007 documents purporting to be notices of claim were received by the City of New York on behalf of Joseph Guzman, Trent Benefield and Nicole Bell as Administratrix of the Estate of Sean Elijah Bell.

13.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that the City of New York stipulated to allow Trent Benefield, Joseph Guzman, and Nicole Paultre Bell, as Administratrix of the Estate of Sean Elijah Bell, and on behalf of his infant children Jada Bell and Jordyn Bell "to commence an action against it without having to submit to a statutory hearing under General Municipal Law 50-h in advance of suit."

14.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiffs filed the Complaint in this action on or about July 24, 2007.

15.     Deny the allegations set forth in paragraph "14 " of the Complaint, except admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the City of New York and the New York City Police Department's relationship, functions and duties.

16.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that individuals named "Michael Oliver," "Gescard Isnora," Marc Cooper," "Michael

Cary," and "Paul Headley" are employed by the City of New York as police officers and detectives.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

22.    Deny the allegations set forth in paragraph "21" of the Complaint, except state that the allegations that the individually named police officers defendants were "acting as agents, servants, and/or employees of" defendants City and NYPD  are conclusions of law rather than averments of fact to which no response is required.

23.    Defendants state that the allegations set forth in paragraph "22" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "22" of the Complaint.

24.    Defendants state that the allegations set forth in paragraph "23" of the Complaint are conclusions of law rather than averments of fact to which no response is required.

To the extent a response is required, defendants deny the allegations set forth in paragraph "23" of the Complaint.

25.    Deny the allegations set forth in paragraph "24" of the Complaint.

26.    Deny the allegations set forth in paragraph "25" of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

32.    Defendants state that the allegations set forth in paragraph "31" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "31" of the Complaint.

33.    Deny the allegations set forth in paragraph "32" of the Complaint.

34.    Deny the allegations set forth in paragraph "33" of the Complaint

35.    Deny the allegations set forth in paragraph "34" of the Complaint, except state that the allegations regarding whether defendants actions were performed in the scope of

their employment are conclusions of law rather than averments of fact to which no response is required.

36.     Deny the allegations set forth in paragraph "35" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

39.     In response to the allegations set forth in paragraph "38" of Complaint, defendants repeat and reallege paragraphs "1" through "38" of this answer as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "39" of the Complaint.

41.     Defendants state that the allegations set forth in paragraph "40" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "40" of the Complaint.

42.     Defendants state that the allegations set forth in paragraph "41" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "41" of the Complaint.

43.     Deny the allegations set forth in paragraph "42" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

45.     Deny the allegations set forth in paragraph "44" of the Complaint, except state that the allegations that the individually named police officer defendants "engaged in the actions and conduct [   ] in their official capacity as New York City Police Officers and under color and authority of State law, regulation, ordinance, custom, and usage" are conclusions of law rather than averments of fact to which no response is required.

46.     Deny the allegations set forth in paragraph "45" of the Complaint.

47.     Deny the allegations set forth in paragraph "46" of the Complaint.

48.     Deny the allegations set forth in paragraph "47" of the Complaint.

49.     Deny the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

50.     In response to the allegations set forth in paragraph "49" of Complaint, defendants repeat and reallege paragraphs "1" through "49" of this answer as if fully set forth herein.

51.     Deny the allegations set forth in paragraph "50" of the Complaint.

52.     Deny the allegations set forth in paragraph "51" of the Complaint.

53.     Deny the allegations set forth in paragraph "52" of the Complaint.

54.     Deny the allegations set forth in paragraph "53" of the Complaint.

55.     Deny the allegations set forth in paragraph "54" of the Complaint.

56.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

57.     In response to the allegations set forth in paragraph "56" of Complaint, defendants repeat and reallege paragraphs "1" through "56" of this answer as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "57" of the Complaint.

59.     Deny the allegations set forth in paragraph "58" of the Complaint.

60.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

61.     In response to the allegations set forth in paragraph "60" of Complaint, defendants repeat and reallege paragraphs "1" through "60" of this answer as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "61" of the Complaint.

63.     Deny the allegations set forth in paragraph "62" of the Complaint.

64.     Deny the allegations set forth in paragraph "63" of the Complaint.

65.     Deny the allegations set forth in paragraph "64" of the Complaint.

66.     Deny the allegations set forth in paragraph "65" of the Complaint

67.     Deny the allegations set forth in paragraph "66" of the Complaint.

68.     Deny the allegations set forth in paragraph "67" of the Complaint

69.     Deny the allegations set forth in paragraph "68" of the Complaint.

70.     Deny the allegations set forth in paragraph "69" of the Complaint.

71.     Deny the allegations set forth in paragraph "70" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

72.     In response to the allegations set forth in paragraph "71" of Complaint, defendants repeat and reallege paragraphs "1" through "71" of this answer as if fully set forth herein.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

- 8 -

74.     Deny the allegations set forth in paragraph "73" of the Complaint.

75.     Defendants state that the allegations set forth in paragraph "74" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "74" of the Complaint.

76.     Deny the allegations set forth in paragraph "75" of the Complaint, except state that the allegations regarding whether defendants' actions were performed in the scope of their employment are conclusions of law rather than averments of fact to which no response is required.

77.     Defendants state that the allegations set forth in paragraph "76" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "76" of the Complaint.

78.     Deny the allegations set forth in paragraph "77" of the Complaint.

79.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

80.     In response to the allegations set forth in paragraph "79" of Complaint, defendants repeat and reallege paragraphs "1" through "79" of this answer as if fully set forth herein.

81.     Deny the allegations set forth in paragraph "80" of the Complaint.

82.     Deny the allegations set forth in paragraph "81" of the Complaint.

83.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

84.     In response to the allegations set forth in paragraph "83" of Complaint, defendants repeat and reallege paragraphs "1" through "83" of this answer as if fully set forth herein.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

86.     Deny the allegations set forth in paragraph "85" of the Complaint.

87.     Deny the allegations set forth in paragraph "86" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

88.     In response to the allegations set forth in paragraph "87" of Complaint, defendants repeat and reallege paragraphs "1" through "87" of this answer as if fully set forth herein.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

90.     Deny the allegations set forth in paragraph "89" of the Complaint.

91.     Deny the allegations set forth in paragraph "90" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

92.     In response to the allegations set forth in paragraph "91" of Complaint, defendants repeat and reallege paragraphs "1" through "91" of this answer as if fully set forth herein.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

94.     Deny the allegations set forth in paragraph "93" of the Complaint.

95.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

96.     In response to the allegations set forth in paragraph "95" of Complaint, defendants repeat and reallege paragraphs "1" through "95" of this answer as if fully set forth herein.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

98.     Deny the allegations set forth in paragraph "97" of the Complaint.

99.     Deny the allegations set forth in paragraph "98" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

100.    In response to the allegations set forth in paragraph "99" of Complaint, defendants repeat and reallege paragraphs "1" through "99" of this answer as if fully set forth herein.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

104.    Deny the allegations set forth in paragraph "103" of the Complaint, except state that the allegations that the individually named police officer defendants were "acting as agents, servants, and/or employees of" defendants City and NYPD are conclusions of law rather than averments of fact to which no response is required.

- 11 -

105.    Defendants state that the allegations set forth in paragraph "104" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "104" of the Complaint.

106.    Defendants state that the allegations set forth in paragraph "105" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "105" of the Complaint.

107.    Deny the allegations set forth in paragraph "106" of the Complaint.

108.    Deny the allegations set forth in paragraph "107" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

111.    Defendants state that the allegations set forth in paragraph "110" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "110" of the Complaint

112.    Deny the allegations set forth in paragraph "111" of the Complaint.

113.    Deny the allegations set forth in paragraph "112" of the Complaint, except state that the allegations concerning whether the "actions" of all individual defendants were performed within the scope of their employment and authority are conclusions of law rather than averments of fact, to which no response is required.

- 12 -

114.    Deny the allegations set forth in paragraph "113" of the Complaint.

115.    Deny the allegations set forth in paragraph "114" of the Complaint.

116.    Deny the allegations set forth in paragraph "115" of the Complaint.

117.    Deny the allegations set forth in paragraph "116" of the Complaint.

118.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

119.    In response to the allegations set forth in paragraph "118" of Complaint, defendants repeat and reallege paragraphs "1" through "118" of this answer as if fully set forth herein.

120.    Deny the allegations set forth in paragraph "119" of the Complaint.

121.    Deny the allegations set forth in paragraph "120" of the Complaint.

122.    Deny the allegations set forth in paragraph "121" of the Complaint.

123.    Deny the allegations set forth in paragraph "122" of the Complaint.

124.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

125.    In response to the allegations set forth in paragraph "124" of Complaint, defendants repeat and reallege paragraphs "1" through "124" of this answer as if fully set forth herein.

126.    Deny the allegations set forth in paragraph "125" of the Complaint.

127.    Deny the allegations set forth in paragraph "126" of the Complaint.

128.    Deny the allegations set forth in paragraph "127" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

129.     In response to the allegations set forth in paragraph "128" of Complaint, defendants repeat and reallege paragraphs "1" through "128" of this answer as if fully set forth herein.

130.     Admit the allegations set forth in paragraph "129" of the Complaint.

131.     Deny the allegations set forth in paragraph "130" of the Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City of New York and the New York City Police Department.

132.     Deny the allegations set forth in paragraph "131" of the Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City of New York and the New York City Police Department.

133.     Deny the allegations set forth in paragraph "132" of the Complaint, except admit that individuals named "Michael Oliver," "Gescard Isnora," Marc Cooper," "Michael Cary," and "Paul Headley" are employed by the City of New York as police officers and detectives.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

135.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

136.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

137.     Deny the allegations set forth in paragraph "136" of the Complaint, except state that the allegations that the individually named police officers defendants were "acting as agents, servants, and/or employees of" defendants City and NYPD  are conclusions of law rather than averments of fact to which no response is required.

138.     Defendants state that the allegations set forth in paragraph "137" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "137" of the Complaint.

139.     Defendants state that the allegations set forth in paragraph "138" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "138" of the Complaint.

140.     Deny the allegations set forth in paragraph "139" of the Complaint.

141.     Deny the allegations set forth in paragraph "140" of the Complaint.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

144.     Defendants state that the allegations set forth in paragraph "143" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "143" of the Complaint.

145.     Deny the allegations set forth in paragraph "144" of the Complaint.

146.    Deny the allegations set forth in paragraph "145" of the Complaint, except state that the allegations regarding whether the defendants "actions" were performed within the scope of their employment are conclusions of law rather than averments of fact to which no response is required.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

148.    Deny the allegations set forth in paragraph "147" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

149.    In response to the allegations set forth in paragraph "148" of Complaint, defendants repeat and reallege paragraphs "1" through "148" of this answer as if fully set forth herein.

150.    Deny the allegations set forth in paragraph "149" of the Complaint, except state that the allegations regarding whether the defendants acted within the scope of their employment are conclusions of law rather than averments of fact to which no response is required.

151.    Deny the allegations set forth in paragraph "150" of the Complaint.

152.    Deny the allegations set forth in paragraph "151" of the Complaint.

153.    Deny the allegations set forth in paragraph "152" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

154.    In response to the allegations set forth in paragraph "153" of Complaint, defendants repeat and reallege paragraphs "1" through "153" of this answer as if fully set forth herein.

155.    Deny the allegations set forth in paragraph "154" of the Complaint.

156.   Deny the allegations set forth in paragraph "155" of the Complaint.

157.   Deny the allegations set forth in paragraph "156" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

158.   In response to the allegations set forth in paragraph "157" of Complaint, defendants repeat and reallege paragraphs "1" through "157" of this answer as if fully set forth herein.

159.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

160.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

161.   Deny the allegations set forth in paragraph "160" of the Complaint, except state that the allegations that the individually named police officers defendants were "acting as agents, servants, and/or employees of" defendants City and NYPD  are conclusions of law rather than averments of fact to which no response is require.

162.   Defendants state that the allegations set forth in paragraph "161" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "161" of the Complaint.

163.   Defendants state that the allegations set forth in paragraph "162" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "162" of the Complaint.

164.   Deny the allegations set forth in paragraph "163" of the Complaint.

165.    Deny the allegations set forth in paragraph "164" of the Complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

168.    Defendants state that the allegations set forth in paragraph "167" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "167" of the Complaint.

169.    Deny the allegations set forth in paragraph "168" of the Complaint.

170.    Deny the allegations set forth in paragraph "169" of the Complaint, except state that the allegations regarding whether the defendants "actions" were performed within the scope of their employment are conclusions of law rather than avements of fact to which no response is required.

171.    Deny the allegations set forth in paragraph "170" of the Complaint, except state that the allegations regarding whether the defendants engaged in "actions" and conduct in their official capacities as NYPD officers are conclusions of law rather than averments of fact to which no response is required.

172.    Deny the allegations set forth in paragraph "171" of the Complaint.

173.    Deny the allegations set forth in paragraph "172" of the Complaint.

174.    Deny the allegations set forth in paragraph "173" of the Complaint.

175.    Deny the allegations set forth in paragraph "174" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

- 18 -

176.    In response to the allegations set forth in paragraph "175" of Complaint, defendants repeat and reallege paragraphs "1" through "175" of this answer as if fully set forth herein.

177.    Deny the allegations set forth in paragraph "176" of the Complaint.

178.    Deny the allegations set forth in paragraph "177" of the Complaint.

179.    Deny the allegations set forth in paragraph "178" of the Complaint.

180.    Deny the allegations set forth in paragraph "179" of the Complaint.

181.    Deny the allegations set forth in paragraph "180" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

182.    In response to the allegations set forth in paragraph "181" of Complaint, defendants repeat and reallege paragraphs "1" through "181" of this answer as if fully set forth herein.

183.    Deny the allegations set forth in paragraph "182" of the Complaint.

184.    Deny the allegations set forth in paragraph "183" of the Complaint.

185.    Deny the allegations set forth in paragraph "184" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

186.    In response to the allegations set forth in paragraph "185" of Complaint, defendants repeat and reallege paragraphs "1" through "185" of this answer as if fully set forth herein.

187.    Admit the allegations set forth in paragraph "186" of the Complaint.

188.    Deny the allegations set forth in paragraph "187 " of the Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a

- 19 -

description of the relationship between the City of New York and the New York City Police Department.

189.     Deny the allegations set forth in paragraph "188" of the Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City of New York and the New York City Police Department.

190.     Deny the allegations set forth in paragraph "189" of the Complaint, except admit that individuals named "Michael Oliver," "Gescard Isnora," Marc Cooper," "Michael Cary," and "Paul Headley" are employed by the City of New York as police officers and detectives.

191.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

192.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint.

193.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

194.     Deny the allegations set forth in paragraph "193" of the Complaint, except state that the allegations that the individually named police officers defendants were "acting as agents, servants, and/or employees of" defendants City and NYPD  are conclusions of law rather than averments of fact to which no response is required.

195.     Defendants state that the allegations set forth in paragraph "194" of the Complaint are conclusions of law rather than averments of fact to which no response is required.

To the extent a response is required, defendants deny the allegations set forth in paragraph "194" of the Complaint.

196.    Defendants state that the allegations set forth in paragraph "195" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "195" of the Complaint.

197.    Deny the allegations set forth in paragraph "196" of the Complaint.

198.    Deny the allegations set forth in paragraph "197" of the Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

201.    Defendants state that the allegations set forth in paragraph "200" of the Complaint are conclusions of law rather than averments of fact to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "200" of the Complaint.

202.    Deny the allegations set forth in paragraph "201" of the Complaint.

203.    Deny the allegations set forth in paragraph "202" of the Complaint, except state that the allegations regarding whether the defendants' "actions" were performed within the scope of their employment is a conclusion of law rather than a aversion of fact to which no response is required.

204.    Deny the allegations set forth in paragraph "203" of the Complaint.

205.    Deny the allegations set forth in paragraph "204" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

206.    In response to the allegations set forth in paragraph "205" of Complaint, defendants repeat and reallege paragraphs "1" through "205" of this answer as if fully set forth herein.

207.    Deny the allegations set forth in paragraph "206" of the Complaint, except state that the allegations regarding whether the defendants acted within the scope of their employment are conclusions of law rather than averments of fact to which no response is required.

208.    Deny the allegations set forth in paragraph "207" of the Complaint.

209.    Deny the allegations set forth in paragraph "208" of the Complaint.

210.    Deny the allegations set forth in paragraph "209" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

211.    In response to the allegations set forth in paragraph "210" of Complaint, defendants repeat and reallege paragraphs "1" through "210" of this answer as if fully set forth herein.

212.    Deny the allegations set forth in paragraph "211" of the Complaint.

213.    Deny the allegations set forth in paragraph "212" of the Complaint.

214.    Deny the allegations set forth in paragraph "213" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

215.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

216.    Defendants City of New York, the NYPD, and Detective Paul Headley have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

217.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants City of New York City of New York, the NYPD, and Detective Paul Headley.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

218.    Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

219.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

220.    To the extent applicable, there was probable cause for plaintiffs' arrests and to search plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

221.    To the extent applicable, plaintiffs' claims are barred by the doctrines of collateral estoppel and *res judicata.*

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

222.    Plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

223.    Defendant Headley has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

224.    To the extent that the Complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

225.    To the extent applicable, plaintiffs do not have standing to assert the claims pled in the Complaint.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

226.    The NYPD is a non-suable entity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

227.    Plaintiffs provoked any incident.

**WHEREFORE,** defendants City of New York, NYPD, and Headley request judgment dismissing the Complaint, in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 18, 2010

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants City of New York, NYPD,
                        and Detective Headley
                        100 Church Street
                        New York, New York 10007
                        (212) 788-8084

                  By:   _David M. Hazan_____
                        David M. Hazan
                        Senior Counsel
                        Special Federal Litigation Division

To:    Richard Signorelli, Esq. (Via ECF and First Class Mail)
       Scott E. Rynecki, Esq. (Via ECF and First Class Mail)
       Michael Hardy, Esq. (Via ECF and First Class Mail)
       James M. Moschella, Esq.  (Via ECF and First Class Mail)

Docket No. 07-CV-02994 (SJ)(RLM)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NICOLE PAULTRE BELL, as Administratrix of
the Estate of SEAN ELIJAH BELL, and on behalf
of his infant children, JADA BELL and JORDYN
BELL and NICOLE PAULTRE BELL individually,
JOSEPH GUZMAN and TRENT BENEFIELD,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, P.O. PAUL
HEADLEY, P.O. MICHAEL CARY, P.O. MARC
COOPER, P.O. GESCARD ISNORA and P.O.
MICHAEL OLIVER,

Defendants.

---

## ANSWER TO COMPLAINT

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, NYPD
and Headley*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................ ,2010*

*.................................................... Esq.*

*Attorney for ......................................................*

- 26 -