UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

| | |
|---|---|
| NICOLE PAULTRE BELL, As Administratrix of the Estate of SEAN ELIJAH BELL, and on behalf of his infant children, JADA BELL and JORDYN BELL and NICOLE PAULTRE BELL individually, JOSEPH GUZMAN and TRENT BENEFIELD, | : : : : : : : |

07-CV-2994 (SJ) (RLM)

Hon. Sterling Johnson, Jr.

Plaintiffs,

**MICHAEL CAREY'S
AMENDED ANSWER,
CROSS-CLAIMS AND
COUNTERCLAIM**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. PAUL HEADLEY, P.O.
MICHAEL CARY, P.O. MARC COOPER, P.O. GESCARD
ISNORA and P.O. MICHAEL OLIVER,

**JURY TRIAL DEMANDED
AS TO COUNTERCLAIM**

Defendants.

---------------------------------------------------------------------------x

MICHAEL CAREY,

Counterclaim-Plaintiff,

-against-

NICOLE PAULTRE BELL, as Administratrix of the Estate of
SEAN ELIJAH BELL,

Counterclaim-Defendant.

---------------------------------------------------------------------------x

Defendant and counterclaim-plaintiff Michael Carey ("Carey"; incorrectly sued herein

as "Michael Cary"), by his attorneys, as and for his amended answer to the complaint, cross-claims, and

counterclaim, respectfully alleges as follows, by like-numbered paragraph or as otherwise stated:

## ANSWER TO THE COMPLAINT

### As to "Jurisdiction"

Deny each and every allegation set forth in the "Jurisdiction" section of the complaint,

except admit that plaintiffs purport to bring this action as stated therein; that plaintiffs purport to invoke

this Court's jurisdiction as stated therein; that plaintiffs purport to base venue as stated therein; and that plaintiffs purports to demand trial by jury as stated therein.

### As to "The Parties"

1.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

2.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

3.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

4.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff Nicole Paultre Bell purports to bring this action as stated.

5.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

6.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

7.   Admit the allegations upon information and belief.

8.   Admit the allegations upon information and belief.

9.   Deny each and every allegation, except admit that plaintiffs purport to bring this action as stated therein and admit that the defendant police officers acted properly and lawfully at all times within the scope of their employment and authority as police officers with the New York City Police Department ("NYPD"), and respectfully refer any allegations purporting to state questions or

2

conclusions of law to the Court.

      A.  Admit the allegations upon information and belief.

      B.  Admit the allegations upon information and belief.

      C.  Admit the allegations upon information and belief.

      D.  Admit the allegations.

      E.  Admit the allegations upon information and belief.

### As to "Notice Of Claim"

10.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

11.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that the City of New York ("City") has not paid or adjusted any claim filed by any of the plaintiffs.

12.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

### As to "Factual Allegations"

13.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that the complaint in this action was filed on July 24, 2007.

14.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City

Administrative Code for a description of the relationship between the City and the NYPD.

15.  Admit upon information and belief that the defendant police officers were employed by the City.

16.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

17.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

18.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

19.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

20.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that on November 25, 2006, at or about 4:00 AM, Sean Elijah Bell ("Sean Bell") operated a motor vehicle, and Joseph Guzman ("Guzman") and Trent Benefield ("Benefield") were occupants of the motor vehicle.

21.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

22.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

23.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

24.  Deny each and every allegation, and respectfully refer any allegations purporting to

state questions or conclusions of law to the Court.

25.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

26.  Deny each and every allegation.

27.  Deny each and every allegation.

28.  Deny each and every allegation.

29.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

30.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

31.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

32.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

33.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

34.  Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times withing the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

35.  Deny each and every allegation.

36.  Deny each and every allegation.

5

37.   Deny each and every allegation.

**As to "First Cause Of Action On Behalf Of Nicole Paultre Bell, As Administratrix Of The Estate Of Sean Elijah Bell For Wrongful Death"**

38.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

39.   Deny each and every allegation.

40.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

41.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

42.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

43.   Deny each and every allegation.

44.   Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times in their official capacity as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

45.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

46.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

47.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

6

48.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

### As to "Second Cause Of Action On Behalf Of Nicole Paultre Bell, As Administratrix Of The Estate Of Sean Elijah Bell, deceased–Negligence"

49.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

50.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

51.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

52.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

53.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

54.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

55.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

### As to "Third Cause Of Action On Behalf Of Nicole Paultre Bell, As Administratrix Of The Estate Of Sean Elijah Bell, deceased– Negligent Hiring and Retention"

56.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

57. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

58. Deny each and every allegation insofar as such allegations are directed or pertain to or could be construed as being directed or pertaining to Carey, and deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation insofar as such allegations are directed or pertain to other defendants.

59. Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

**As to "Fourth Cause Of Action On Behalf Of Nicole Paultre Bell,
As Administratrix Of The Estate Of Sean Elijah Bell
For Civil Rights Violation-42 USCA 1983"**

60. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

61. Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

62. Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

63. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

64. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

8

65.   Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

66.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

67.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

68.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

69.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

70.   Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

### As to "Fifth Cause Of Action On Behalf Of Sean Elijah Bell For Assault And Battery"

71.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

72.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

73.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

74.   Deny each and every allegation, and respectfully refer any allegations purporting to

9

state questions or conclusions of law to the Court.

75. Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their employment as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

76. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

77. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

78. Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

**As to "Sixth Cause Of Action On Behalf Of Nicole Paultre Bell, As Administratrix of the Estate Of Sean Elijah Bell For Punitive Damages"**

79. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

80. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

81. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

82. Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

10

**As to "Seventh Cause Of Action On Behalf Of Jordyn Bell**
**Infant Child Of Father And Natural Guardian**
**Decedent Sean Elijah Bell For Loss of Services"**

83.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

84.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

85.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

86.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

**As to "Eighth Cause Of Action On Behalf Of Jada Bell**
**Infant Child Of Father And Natural Guardian**
**Decedent Sean Elijah Bell For Loss of Services"**

87.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

88.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

89.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

90.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

11

**As to "Ninth Cause Of Action On Behalf Of Jordyn Bell
Infant Child Of Father And Natural Guardian
Decedent Sean Elijah Bell For Loss of Guidance"**

91.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

92.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

93.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

94.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

**As to "Tenth Cause Of Action On Behalf Of Jada Bell
Infant Child Of Father And Natural Guardian
Decedent Sean Elijah Bell For Loss of Guidance"**

95.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

96.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

97.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

98.  Deny each and every allegation except admit that plaintiffs purport to demand judgment as stated therein.

### As to "Eleventh Cause Of Action On Behalf Of Joseph Guzman
### For Civil Rights Violation –Sec. 1983 of 42 U.S.C."

99.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

100.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

101.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

102.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that on November 25, 2006, at or about 4:00 AM, Bell operated a motor vehicle and Guzman was an occupant of the motor vehicle.

103.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

104.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

105.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

106.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

107.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

108.  Deny each and every allegation.

109. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

110. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

111. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

112. Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

113. Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times in their official capacity as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

114. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

115. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

116. Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

117. Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

## As to "Twelfth Cause Of Action On Behalf
## Of Joseph Guzman For Negligence"

118.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

119.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

120.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

121.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

122.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

123.   Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

## As to "Thirteenth Cause Of Action On Behalf Of Joseph
## Guzman For Negligent Hiring And Retention"

124.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

125.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

126.   Deny each and every allegation insofar as such allegations are directed or pertain to or could be construed as being directed or pertaining to Carey, and deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation insofar as such allegations are

directed or pertain to other defendants.

127.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

### As to "Fourteenth Cause Of Action On Behalf Of Joseph Guzman For Assault And Battery"

128.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

129.  Admit the allegations upon information and belief.

130.  Admit the allegations upon information and belief.

131.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City and the NYPD.

132.  Admit upon information and belief that defendant police officers were employed by the City.

133.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

134.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

135.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that on November 25, 2006, at or about 4:00 AM, Bell operated a motor vehicle and Guzman was an occupant of the motor vehicle.

136.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

137.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

138.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

139.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

140.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

141.   Deny each and every allegation.

142.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

143.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

144.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

145.   Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times withing the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

146.   Deny each and every allegation.

17

147.   Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

## As to "Fifteenth Cause Of Action On Behalf Of
## Joseph Guzman For False Arrest And Imprisonment"

148.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

149.   Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times withing the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

150.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

151.   Deny each and every allegation.

152.   Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

## As to "Sixteenth Cause Of Action On Behalf Of
## Joseph Guzman For Punitive Damages"

153.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

154.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

155.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

18

156.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

### As to "Seventeenth Cause Of Action On Behalf Of Trent Benefield For Civil Rights Violation –Sec. 1983 of 42 U.S.C."

157.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

158.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

159.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that on November 25, 2006, at or about 4:00 AM, Bell operated a motor vehicle and Benefield was an occupant of the motor vehicle.

160.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

161.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

162.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

163.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

164.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

165.  Deny each and every allegation.

166.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

167.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

168.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

169.  Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times within the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

170.  Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times in their official capacity as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

171.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

172.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

173.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

174.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

20

### As to "Eighteenth Cause Of Action On Behalf
### Of Trent Benefield For Negligence"

175.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

176.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

177.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

178.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

179.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

180.   Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

### As to "Nineteenth Cause Of Action On Behalf Of Trent
### Benefield For Negligent Hiring And Retention"

181.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

182.   Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

183.   Deny each and every allegation insofar as such allegations are directed or pertain to or could be construed as being directed or pertaining to Carey, and deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation insofar as such allegations are

21

directed or pertain to other defendants.

184.   Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

**As to "Twentieth Cause Of Action On Behalf Of
Trent Benefield For Assault And Battery"**

185.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

186.   Admit the allegations upon information and belief.

187.   Admit the allegations upon information and belief.

188.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a description of the relationship between the City and the NYPD.

189.   Admit upon information and belief that defendant police officers were employed by the City.

190.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

191.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

192.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit upon information and belief that on November 25, 2006, at or about 4:00 AM, Bell operated a motor vehicle and Benefield was an occupant of the motor vehicle.

193.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

194.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

195.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

196.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

197.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

198.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

199.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

200.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

201.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

202.  Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times withing the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

23

203.  Deny each and every allegation.

204.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

### As to "Twenty-First Cause Of Action On Behalf Of Trent Benefield For False Arrest And Imprisonment"

205.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

206.  Deny each and every allegation, except admit that the defendant police officers acted properly and lawfully at all times withing the scope of their employment and authority as police officers with the NYPD, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

207.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

208.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

209.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

### As to "Twenty-Second Cause Of Action On Behalf Of Trent Benefield For Punitive Damages"

210.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

211.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

24

212.  Deny each and every allegation, and respectfully refer any allegations purporting to state questions or conclusions of law to the Court.

213.  Deny each and every allegation except admit that plaintiff purports to demand judgment as stated therein.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

A.  The complaint fails to state a cause of action against Carey upon which relief may be granted.

B.  Carey has not violated any of any of the plaintiffs' rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

C.  Any injury alleged to have been sustained by any of the plaintiffs resulted from plaintiff(s)' own culpable, intentional, or negligent conduct and was not the proximate result of any act by Carey.

D.  Carey, a duly appointed police officer with the NYPD, acted according to law, and at the time and place of the actions complained of, had reasonable cause to and did take lawful, proper and prudent police action with respect to plaintiffs in connection with all matters alleged in the complaint.

E.  At all times relevant to the acts alleged in the complaint, Carey acted reasonably, properly, lawfully, in good faith, and in the lawful exercise of his discretion and authority as a police officer with the NYPD.

F.  The doctrine of qualified immunity renders Carey immune with regard to each and every federal and state claim asserted against him.

G.  If Carey used force against plaintiffs, he used only so much force as he reasonably

25

perceived to be necessary under the circumstances.

H.  Carey was justified in his actions regarding the plaintiffs, as he acted within the scope of his duty, without excessive force, and in the good faith belief that his actions to enforce applicable law were immediately necessary.

I.  Carey was justified in his actions regarding the plaintiffs and at all times lawfully acted in self-defense and the defense of others.

J.  Plaintiffs are barred from any recovery under the doctrine of unclean hands.

K.  Plaintiffs have failed to set forth an adequate factual basis in support of any of the claims against Carey.

L.  Plaintiffs have failed to plead with sufficient particularity each and every necessary element of each of their claims against Carey.

M.  To the extent plaintiffs have suffered any damages, such damages were proximately caused in whole or in part by plaintiffs' contributory negligence and/or plaintiffs' culpable or criminal conduct and/or the intervening conduct of third parties, and plaintiffs' recovery, if any, shall be barred or diminished as a result thereof.

N.  There is no factual basis for requesting the imposition of punitive damages against Carey.

O.  Carey did not proximately cause any harm or damages to the plaintiffs.

P.  The damages, if any, allegedly sustained by plaintiffs are diminished to the extent they have been or will be reimbursed or indemnified from collateral sources.

Q.  To the extent applicable, there was probable cause for plaintiffs' arrests and to search plaintiffs.

R.   Plaintiffs' state law claims are barred by plaintiffs' failure to comply with the conditions precedent to suit.

S.   Plaintiffs' state law claims are barred by the applicable limitations period.

T.   To the extent applicable, plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata.

U.   Nicole Paultre Bell has no standing to assert any claims individually.

## CROSS-CLAIMS

## FIRST CROSS-CLAIM

1.   That if the plaintiffs were caused to sustain damages as alleged in the complaint due to any carelessness, recklessness, negligence, and/or acts of omission or commission other than the plaintiffs' own carelessness, recklessness, negligence, and/or acts of omission or commission, said damages were sustained by reason of the carelessness, recklessness, negligence, and/or acts of omission or commission by co-defendants The City of New York ("City") and the New York City Police Department ("NYPD") including the respective agents, servants, and employees of the City and NYPD (collectively referred to herein as the "Municipal Co-defendants"), whether under theories of *respondeat superior* or otherwise; and if any judgment is recovered herein by the plaintiffs against Carey, he will be damaged thereby and the Municipal Co-defendants will be responsible therefor in whole or in part.

2.   That by reason of the foregoing, the Municipal Co-defendants will be liable to Carey and in the full amount of any recovery had herein by plaintiffs or for that proportion thereof caused by the relative responsibility of each of the Municipal Co-defendants herein, and the said Municipal Co-defendants will be bound to pay any and all fees and disbursements.

**SECOND CROSS-CLAIM**

3.  That if the plaintiffs were caused to sustain damages as alleged herein, all of which Carey denies, then and in that event those damages were caused by the active, actual and primary negligence and other actionable conduct of the Municipal Co-defendants, and Carey is entitled to full indemnity from the Municipal Co-defendants, and judgment therefrom.

**THIRD CROSS-CLAIM**

4.  Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, the City shall indemnify and save harmless Carey in the amount of any judgment or settlement amount obtained against him by the plaintiffs because any alleged act or omission from which such judgment or settlement arose would have occurred while he was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained, and any such alleged damages were not caused by Carey's intentional wrongdoing or recklessness.

**COUNTERCLAIM**

**Counterclaim Against Nicole Paultre Bell, As
Administratrix Of The Estate of Sean Elijah Bell
(Assault and Battery)**

As and for a further defense, and by way of his counterclaim, counterclaim-plaintiff, Michael Carey ("Carey"), states as follows against Nicole Paultre Bell, as Administratrix of the Estate of Sean Elijah Bell ("Estate of Sean Elijah Bell"), counterclaim-defendant:

**I.  Parties**

1.  Carey is a resident of the State of New York and was at all times relevant herein

28

employed as a police officer with the New York City Police Department ("NYPD").

2.  According to the complaint, the decedent Sean Elijah Bell ("Bell") resided at 191 Beach 27th Street, County of Queens, City and State of New York.

3.  According to the complaint, Nicole Paultre Bell was appointed Administratrix of the goods, chattels, credits of the decedent Sean Elijah Bell by order of the Honorable Robert L. Nahman, Surrogate of Queens County, on January 5, 2007.

## II.  Jurisdiction and Venue

4.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a) since the counterclaim is closely related to the federal claims and other claims asserted by plaintiffs in the complaint.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events underlying the counterclaim took place in this District.

## III.  Relevant Facts

6.  Following his graduation from the police academy, Carey has been employed and has served as a police officer with the NYPD since about January 2003.

7.  In approximately mid-October 2006, Carey was assigned to the NYPD's Club Enforcement Unit ("Club Enforcement").

8.  The purpose of Club Enforcement was to investigate complaints and make arrests for narcotics and prostitution activity in bars and nightclubs in New York City.

9.  Club Kalua, a strip club located in Jamaica, Queens, was on Club Enforcement's target list.

10.  Club Kalua had a history of reports for drugs, prostitution and violence.

29

11. Prior to November 24, 2006, Club Enforcement had conducted at least two undercover operations at Club Kalua, including one during the evening of Tuesday, November 21, 2006, and morning of Wednesday, November 22, 2006, which yielded two arrests for prostitution, one of which also involved a narcotics sale.

12. On Friday, November 24, 2006, Club Enforcement, under the supervision of its commanding officer Lieutenant Gary Napoli ("Lt. Napoli"), planned another undercover operation at Club Kalua. The operation was to commence that night and continue into the morning of Saturday, November 25, 2006.

13. Carey and Detective Michael Oliver ("Det. Oliver") were assigned to the prisoner van ("P-van") for the operation that night. Det. Oliver would drive the van while Carey would be the "recorder" or passenger in the van.

14. The main function of the P-van was to safeguard persons who had been arrested and transport them to the central booking facility.

15. Det. Oliver and Carey left the precinct in the P-van at approximately 11:15 PM or 11:30 PM that night and arrived in the vicinity of Club Kalua at approximately 12:30 AM or 12:40 AM.

16. They parked the P-van on a street around the opposite side of the club, where they could not be seen easily, and waited for the operation to take place.

17. At approximately 1:00 AM, Lt. Napoli authorized two undercover officers, Detective Gesnard Isnora ("Det. Isnora") and Detective Hispolito Sanchez, to enter the club and commence the operation.

18. The undercover officers remained in the club over the next several hours, with no activity to report.

19.  At approximately 3:40 AM, Lt. Napoli announced over the point-to-point radio (which permitted the participants in the operation to communicate directly with one another) that the undercover officers had a potential prostitution situation and that they were watching a man with a Chicago White Sox hat inside the club whom they believed had a gun.

20.  A few minutes later, Lt. Napoli instructed all team members to move closer to the club as the undercover officers continued to monitor the man whom they believed had a gun.

21.  Det. Oliver thereupon drove the P-van around the corner with Carey and parked it closer to the club.

22.  Believing that this was a potentially dangerous situation because there was a gun involved, Det. Oliver put on his bullet-proof vest and pulled his shield out.

23.  Shortly thereafter, Lt. Napoli announced over the point-to-point radio that there was a group of people engaged in an argument outside the club and that the man whom they believed had a gun was involved in the argument.

24.  A short time later, Lt. Napoli announced over the radio that one of the undercover officers was now following this man away from the club.  He instructed everyone on the team to follow them.

25.  Thereupon Det. Oliver drove the P-van around the area with Carey looking for this armed man and the undercover officer who was following him.

26.  As they turned south onto Liverpool Street, Carey saw Det. Isnora.  The detective had his gun raised in his right hand and was walking from the sidewalk out onto the street in front of a Nissan Altima that was parked on the side of the street.

27.  Bell was sitting in the driver's seat of the Altima.

31

28.  Det. Isnora had his shield on, clasped to the collar of his sweat shirt.

29.  As he walked out onto the street, Det. Isnora pointed his gun at the parked car and yelled: "Police, show your hands, show your hands."

30.  There was no response to these police commands.

31.  Instead, Bell suddenly pulled the car out of the parked position.

32.  The car accelerated forward and hit Det. Isnora in the leg, causing him to fall back awkwardly.

33.  After hitting Det. Isnora the car continued forward and crashed head-on into the P-van.

34.  Bell then drove the car in reverse towards Det. Isnora and slammed it into a metal roll-down gate against a wall.  This collision caused the car's back window to shatter.

35.  Det. Isnora continued yelling police commands at the occupants in the car after it crashed into the metal gate: "Police, show your hands.  Police, don't move."

36.  There were also other voices yelling police commands at this time.

37.  All these commands were ignored.

38.  Bell was severely intoxicated at the time these events occurred.

39.  Bell was driving recklessly and illegally under the influence of alcohol at the time.

40.  According to the medical examiner who performed the autopsy on Bell, toxicology tests showed that he had a blood alcohol level of at least 0.16 percent (0.16 grams of alcohol per 100 milliliters of blood) at the time.  The alcohol level in his urine was even higher, at 0.23 percent.

41.  The legal blood-alcohol limit for operating a motor vehicle in New York is 0.08 percent.

42.  Bell's blood alcohol level thus was at least <u>two times</u> the legal limit for operating a

32

motor vehicle in New York.

43.  Inebriated as he was, Bell's judgment and perception and motor skills were severely impaired due to his severely intoxicated condition.

44.  To compound matters, Bell had impaired vision in both eyes which required corrective lenses but was not wearing any corrective lenses at the time of these events.

45.  Within seconds after he crashed the Altima into the metal gate, and while he was intoxicated and his judgment and perception and motor skills were severely impaired as a result, Bell recklessly and intentionally accelerated the car forward again and crashed it head-on into the stationary P-van a second time.

46.  At the time this second collision occurred Carey was in the process of exiting the van. The front passenger side door was open and his right leg was outside the van on the ground.

47.  As a result of the force of the collision, the open passenger door slammed into Carey's right leg causing serious and permanent injuries to his knee.

48.  At the time he was injured Carey had not drawn his firearm and had not fired a single shot with his firearm.

49.  Carey was taken to the hospital immediately after the incident for treatment for his injuries.

50.  Carey subsequently had to undergo surgery, followed by months of physical therapy, to attempt to repair the damage to his knee.

51.  Despite the surgery and continuing treatment, Carey continues to suffer from his injuries and continues to experience pain and discomfort in his knee from normal daily living activity.

### III.  **Counterclaim (Assault And Battery)**

52.   Carey repeats and realleges each and every allegation set forth above in paragraphs numbered "1" through "51" inclusive, under the heading "Counterclaim," with the same force and effect as if fully set forth at length herein.

53.   Upon information and belief, Bell's actions in accelerating the Altima toward the P-van  and causing it to collide with the P-van were intended to cause, and did in fact cause, Carey to suffer apprehension of an imminent harmful contact.

54.   Upon information and belief, Bell's actions were intended to cause, and did in fact cause, harmful and offensive contact with Carey's person.

55.   Carey did not consent to this harmful and offensive contact.

56.   Upon information and belief, Bell's actions were carried out knowingly, unlawfully, intentionally, willfully, and maliciously.

57.   Carey suffered serious and permanent injuries, and experienced significant pain and suffering, as a direct and proximate result of Bell's actions and had to obtain medical treatment including surgery for such injuries.

58.   As a direct and proximate result of Bell's actions, Carey sustained damages in an amount to be determined at trial.

59.   Because Bell's actions toward Carey were, upon information and belief, intentional, willful, unlawful, and malicious, Carey is entitled to punitive damages in an amount to be determined at trial.

60.   Carey demands trial by jury on his counterclaim.

34

## **DEMAND FOR JUDGMENT**

WHEREFORE, as to the complaint, cross-claims, and the counterclaim, defendant and counterclaim-plaintiff Michael Carey respectfully demands judgment against plaintiffs, counterclaim-defendant Estate of Sean Elijah Bell, and the co-defendants if necessary and applicable, as follows:

I.  Dismissal of the complaint and denial of all relief requested therein with costs and disbursements in favor of Carey.

II.  Judgment on Carey's counterclaim against the Estate of Sean Elijah Bell, for both compensatory and punitive damages in an amount to be determined at the time of trial, plus interest.

III.  Judgment on Carey's cross-claims against the Municipal Co-Defendants, if necessary and applicable.

IV.    Such other, further, and different relief as this Court may deem just and proper.


Dated: New York, New York
       July 2, 2010

                                        Respectfully submitted,

                                        LAW OFFICE OF
                                        RICHARD E. SIGNORELLI

                         By:    /s/
                                _____
                                Richard E. Signorelli (RS-7976)
                                Bryan Ha (BH-5295)
                                799 Broadway, Suite 539
                                New York, NY 10003
                                Telephone:      212 254 4218
                                Facsimile:      212 254 1396
                                rsignorelli@nycLITIGATOR.com℠
                                www.nycLITIGATOR.com℠
                                Attorneys for Defendant and
                                Counterclaim-Plaintiff
                                Michael Carey


FILING AND SERVICE VIA ELECTRONIC FILING
COURTESY COPIES VIA 1ST CLASS MAIL