UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICOLE PAULTRE BELL, as Administratrix of the Estate
of SEAN BELL, and on behalf of his infant children, JADA
BELL and JORDYN BELL, and NICOLE PAULTRE
BELL, individually, JOSEPH GUZMAN and TRENT
BENEFIELD,

V.

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. PAUL HEADLEY, P.O.
MICHAEL CARY, P.O. MARC COOPER, P.O.
GESCARD ISNORA and P.O. MICHAEL OLIVER.
-----------------------------------------------------------------X

CASE NUMBER:
07 CV 2994

ORDER / *APPROVAL OF INFANT COMPROMISE AND SETTLEMENT OF WRONGFUL DEATH ACTION*

The above-captioned matter having come before the Court upon the Petition of the plaintiff for approval of settlement and allocation of the settlement funds, and upon reading and filing the petition and account of the Administrator of the Estate of SEAN BELL, deceased, by Nicole Paultre Bell, and the Affirmation of SCOTT E. RYNECKI, ESQ., *and NICOLE PAULTRE BELL, having appeared before this Court in connection with this settlement, and the Court having concluded that the settlement is fair to the estate and the infant plaintiffs,*

IT IS on this 24th day of Sept. 2010,

ORDERED that;

The action against the above-named defendants is settled in the total amount of $3,250,000.00 and the settlement shall be allocated one hundred percent to wrongful death damage, and the funds shall be distributed as follows:

| To: | Rubenstein & Rynecki, Esq., and Michael Hardy, Esq., ~~and any other attorneys for the petitioner,~~ the sum of $750,000.00 as and for attorney's fees, together with reimbursement of disbursements of $8,243.24 making a total sum of | $ 758,243.24 |
|---|---|---|
| To: | NICOLE PAULTRE BELL, mother and natural guardian, on behalf of infant distributee JADA BELL | $1,245,878.38 |
| To: | NICOLE PAULTRE BELL, mother and natural guardian, on behalf of infant distributee JORDYN BELL | $1,245,878.38 |

The Administrator is authorized to compromise and settle the cause of action for wrongful death of the decedent against the above-named defendants, for the sum of

$3,250,000.00 payable from the defendant, the City of New York, and said Administrator is further authorized to execute and deliver any and all documents as may be required to effectuate said settlement; and it is hereby ORDERED that said payment shall be made as follows;

ORDERED, that the defendant, the City of New York, will pay the sum of $750,000.00 to fund a structured settlement on behalf of distribute JADA BELL to make payments as per the Rider annexed hereto, and that all payments to be made pursuant to the Rider are guaranteed to be paid to the infant's mother in the event of said infant's untimely death, whereas the total settlement for distributee JADA BELL is comprised of up-front money totaling $495,878.38 payable as herein Ordered, plus $750,000.00 to fund the purchase of the following structured settlement annuity contracts:

1) From Metropolitan Life Insurance Company, to pay JADA BELL
Guaranteed Annual Benefit - $10,000.00 annually, guaranteed for 4 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 12/16/2023;

Guaranteed Monthly Benefit - $500.00 per month, guaranteed for 3 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 11/16/2023;

Guaranteed Monthly Benefit - $1,000.00 per month, guaranteed for 4 years, beginning at age 21 on 12/16/2023, with the last guaranteed payment on 11/16/2027;

Guaranteed Monthly Benefit - $2,000.00 per month, guaranteed for 5 years, beginning at age 25 on 12/16/2027, with the last guaranteed payment on 11/16/2032;

Guaranteed Monthly Benefit - $2,409.25 per month for the life of JADA BELL, guaranteed for 40 years, beginning at age 30 on 12/16/2032. The last guaranteed payment will be made on 11/16/2072. Payments cease at the later of (1) the death of JADA BELL, or (2) the completion of 480 Payments

2) From The Prudential Insurance Company of America, to pay JADA BELL,

Guaranteed Annual Benefit - $10,000.00 annually, guaranteed for 4 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 12/16/2023;

Guaranteed Monthly Benefit - $500.00 per month, guaranteed for 3 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 11/16/2023;

    Guaranteed Monthly Benefit - $1,000.00 per month, guaranteed for 4 years, beginning at age 21 on 12/16/2023, with the last guaranteed payment on 11/16/2027;

    Guaranteed Monthly Benefit - $2,000.00 per month, guaranteed for 5 years, beginning at age 25 on 12/16/2027, with the last guaranteed payment on 11/16/2032;

    Guaranteed Monthly Benefit - $2,819.78 per month for the life of JADA BELL, guaranteed for 40 years, beginning at age 30 on 12/16/2032. The last guaranteed payment will be made on 11/16/2072. Payments cease at the later of (1) the death of JADA BELL, or (2) the completion of 480 Payments

For a combined total of :

  $20,000.00 guaranteed annual benefit, payable annually, guaranteed 4 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 12/16/2023;

  $1,000.00 guaranteed monthly benefit, payable monthly, guaranteed 3 years, beginning at age 18 on 12/16/2020, with the last guaranteed payment on 11/16/2023;

  $2,000.00 guaranteed monthly benefit, payable monthly, guaranteed 4 years, beginning at age 21 on 12/16/2023, with the last guaranteed payment on 11/16/2027;

  $4,000.00 guaranteed monthly benefit, payable monthly, guaranteed 5 years, beginning at age 25 on 12/16/2027, with the last guaranteed payment on 11/16/2032;

  $5,229.03 for the life of JADA BELL, payable monthly, guaranteed for 40 years, beginning at age 30 on 12/16/2032, with the last guaranteed payment on 11/16/2072. Payments cease at the later of (1) the death of JADA BELL, or (2) the completion of 480 payments

  Having a total expected benefit of $3,977,652.00 and a guaranteed benefit of $2,961,934.00 in the event of premature death.

  ORDERED, that the defendant, the City of New York, will pay the sum of $750,000.00 to fund a structured settlement on behalf of distribute JORDYN BELL to make payments as per the Rider annexed hereto, and that all payments to be made pursuant to the Rider are guaranteed to be paid to the infant's mother in the event of said infant's untimely death, whereas the total settlement for distributee JORDYN BELL is comprised of up-front money totaling $495,878.38 payable as herein Ordered, plus $750,000.00 to fund the purchase of the following structured settlement annuity contracts:

  1)  From Metropolitan Life Insurance Company, to pay JORDYN BELL

Guaranteed Annual Benefit - $10,000.00 annually, guaranteed for 4 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 06/04/2027;

Guaranteed Monthly Benefit - $500.00 per month, guaranteed for 3 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 05/04/2027;

Guaranteed Monthly Benefit - $1,000.00 per month, guaranteed for 4 years, beginning at age 21 on 06/04/2027, with the last guaranteed payment on 05/04/2031;

Guaranteed Monthly Benefit - $2,000.00 per month, guaranteed for 5 years, beginning at age 25 on 06/04/2031, with the last guaranteed payment on 05/04/2036;

Guaranteed Monthly Benefit - $3,010.05 per month for the life of JORDYN BELL, guaranteed for 40 years, beginning at age 30 on 06/04/2036. The last guaranteed payment will be made on 05/04/2076. Payments cease at the later of (1) the death of JADA BELL, or (2) the completion of 480 Payments

2)   From The Prudential Insurance Company of America, to pay JORDYN BELL,

Guaranteed Annual Benefit - $10,000.00 annually, guaranteed for 4 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 06/04/2027;

Guaranteed Monthly Benefit - $500.00 per month, guaranteed for 3 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 05/04/2027;

Guaranteed Monthly Benefit - $1,000.00 per month, guaranteed for 4 years, beginning at age 21 on 06/04/2027, with the last guaranteed payment on 05/04/2031;

Guaranteed Monthly Benefit - $2,000.00 per month, guaranteed for 5 years, beginning at age 25 on 06/04/2031, with the last guaranteed payment on 05/04/2036;

Guaranteed Monthly Benefit - $3,665.60 per month for the life of JORDYN BELL, guaranteed for 40 years, beginning at age 30 on 06/04/2036. The last guaranteed payment will be made on 05/04/2076. Payments cease at the later of (1) the death of JORDYN BELL, or (2) the completion of 480 Payments

For a combined total of :

$20,000.00 guaranteed annual benefit, payable annually, guaranteed 4 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 06/04/2027;

$1,000.00 guaranteed monthly benefit, payable monthly, guaranteed 3 years, beginning at age 18 on 06/04/2024, with the last guaranteed payment on 06/04/2027;

$2,000.00 guaranteed monthly benefit, payable monthly, guaranteed 4 years, beginning at age 21 on 06/04/2031, with the last guaranteed payment on 05/04/2036;

$4,000.00 guaranteed monthly benefit, payable monthly, guaranteed 5 years, beginning at age 25 on 06/04/2031, with the last guaranteed payment on 05/04/2036.

$6,675.65 for the life of JORDYN BELL, payable monthly, guaranteed for 40 years, beginning at age 30 on 06/04/2036, with the last guaranteed payment on 05/04/2076. Payments cease at the later of (1) the death of JORDYN BELL, or (2) the completion of 480 payments.

Having a total expected benefit of $4,993,207.00 and a guaranteed benefit of $3,656,312.00 in the event of premature death.

ORDERED, that the structured settlement payments listed above are based on current annuity rates. The actual structured settlement payments will be determined based on annuity rates in effect at the time the annuity is purchased; and it is further;

ORDERED, that the parties acknowledge that the City of New York is obligated to make the payments provided for hereinabove and may make Qualified Assignments to make the aforementioned future periodic payments set forth herein pursuant to Section 130 (c) of the Internal Revenue Code of 1986, as amended, to METLIFE TOWER RESOURCES GROUP INC. and PASSCORP, respectively, pursuant to this order, and, under such assignments, all of the duties and responsibilities otherwise imposed upon the City of New York by this order with respect to such future periodic payments shall be binding METLIFE TOWER RESOURCES GROUP INC. and PASSCORP, respectively; and it is further;

ORDERED, that the responsibility and liability of METLIFE TOWER RESOURCES GROUP INC. and PASSCORP, respectively, pursuant to the terms of this order shall extend only to the periodic payments for which each, respectively, is individually responsible due to the assignments set forth herein as set forth in this order; and it is further;

ORDERED, that the claimants, JADA BELL and JORDYN BELL, and any agents on their behalf, shall have no rights or incidence of ownership in said annuity policies, it being the intention herein to conform to, and keep within the guidelines of, in all respects and in good

faith, all applicable sections of the Internal Revenue Code and all guidelines and rulings of the Internal Revenue Service; and it is further;

ORDERED, that no part of the sum being paid by the defendants or their insurers to provide future periodic payments as set forth in this order may be paid to the claimants, JADA BELL and JORDYN BELL, or a fiduciary on their behalf, this Court having determined that a structured settlement is in the best interests of the claimants, JADA BELL and JORDYN BELL, and that said periodic payments constitute damages on account of personal physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended; and it is further;

ORDERED, that none of the periodic payments payable from the structured settlement annuities set forth in this Order may be accelerated, deferred, increased or decreased, sold, assigned, pledged or encumbered either directly or indirectly, unless such sale, assignment. pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891 (b)(2) of the Internal Revenue Code (a "Qualified Order") and otherwise complies with applicable state structured settlement protection statute, including, but not limited to, New York State General Obligations Law Section 5-1700, and none of the annuity issuers and assignees set forth in this Order may withhold acceleration, deferral, increase or decrease, anticipation, sale, assignment, pledge or encumberment either directly or indirectly of the periodic payments from the structured settlement annuities if ordered in a 'Qualified Order" of this Court; and it is further;

ORDERED, that out of said total sum of $3,250,000.00, the defendant, the City of New York, is directed and authorized to pay Rubenstein & Rynecki, Esq., and Michael Hardy, Esq., the sum of $750,000.00 as and for attorney's fees, together with reimbursement of disbursements of $8,243.24 making a total sum of $758,243.24; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.79 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JADA BELL with an officer of EMIGRANT SAVINGS BANK located at 168-42 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.80 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JORDYN BELL with an officer of EMIGRANT SAVINGS BANK located at 168-42 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the

infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.79 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JADA BELL with an officer of ASTORIA FEDERAL SAVINGS BANK located at 179-25 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.80 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JORDYN BELL with an officer of ASTORIA FEDERAL SAVINGS BANK located at 179-25 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.79 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JADA BELL with an officer of RIDGEWOOD SAVINGS BANK located at 205-11 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, That the defendant, the City of New York, pay the sum of $165,292.79 to be received by NICOLE PAULTRE BELL, mother and natural guardian, on behalf of the infant distributee JORDYN BELL with an officer of RIDGEWOOD SAVINGS BANK located at 205-11 Hillside Avenue, Jamaica, NY 11432, to be deposited in a Time Deposit or Certificate of Deposit Account, said funds to be deposited in the above bank in the name of the infant plaintiff in an account paying the Highest Rate of Interest Available, subject to the further order of this Court until the infant plaintiff reaches the age of 18 years; and it is further;

ORDERED, ADJUDGED AND DECREED, that no withdrawals shall be made from the said accounts of the infant distributees, JADA BELL and JORDYN BELL, before the infant plaintiff reaches the age of 18 years, except upon further order of this Court; and it is further;

ORDERED, ADJUDGED AND DECREED, that said depository wherein the proceeds of such compromise and settlement shall be held, shall pay over all monies held in the account to the

infant plaintiff, upon demand and without further court order, when the infant plaintiff reaches the age of 18 years, upon presentment of proper proof thereof to such depository; and it is further;

ORDERED, ADJUDGED AND DECREED, that said depository is authorized and directed to maintain 100% of said fund in a form of deposit in said depository yielding the highest dividend return to the infant plaintiff at all times providing that said fund shall be in such a form that it will be all available to the said infant plaintiff when said infant plaintiff attains the age of majority; and it is further;

ORDERED, ADJUDGED AND DECREED, that the ASTORIA FEDERAL SAVINGS BANK, the above designated depository, upon presentation to them of tax returns for the Federal Government and the State Government as to JORDYN BELL and JADA BELL, are hereby directed to pay by check to the Internal Revenue Service and the New York State Tax commission the sums as computed on said tax returns to include estimated taxes, this to be done on each successive year; and it is further;

ORDERED, ADJUDGED AND DECREED, that the restrictions contained on the Limited Letters of Administration heretofore issued are hereby modified to the extent necessary to permit the acts herein directed, and the filing of a bond or other security therefore is hereby dispensed with; and it is further;

ORDERED, ADJUDGED AND DECREED, that upon complying with the terms of this decree, the said Administrator is hereby released and discharged of any further liability as to all matters embraced in this decree and account shall be marked settled.

s/ Judge Roanne L. Mann

U.S.M.J.   9/24/10